1  Gary R. Long, *pro hac vice*
    glong@shb.com
2  SHOOK, HARDY & BACON L.L.P.
   2555 Grand Blvd.
3  Kansas City, MO 64108
4  Telephone: (816) 474-6550
   Facsimile: (816) 421-5547
5
6  Tammy B. Webb (SBN 227593)
    tbwebb@shb.com
7  Patrick J. Gregory (SBN 206121)
    pgregory@shb.com
8  SHOOK, HARDY & BACON L.L.P.
   333 Bush Street, Suite 600
9  San Francisco, California 94104-2828
10 Telephone: (415) 544-1900
   Facsimile:  (415) 391-0281
11
   Attorneys for Defendant,
12 PHILIP MORRIS USA INC.
   (f/k/a Philip Morris Incorporated)
13
14 [Additional counsel listed on signature page]

15                **UNITED STATES DISTRICT COURT**
16                **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Leslie L. Grisham, | Civil Action No. CV-02-7930 SVW (RCx) |
| Plaintiff, | **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STAY PROCEEDINGS** |
| v. | |
| Philip Morris, Incorporated, et al., | Date: (Plaintiff claims her motion is set to be heard at the June 15, 2009 status conference) |
| Defendants. | |
| | Time: |
| | Judge:   The Honorable Stephen V. Wilson |

# INTRODUCTION

Plaintiff Leslie Grisham's motion for stay fails because (1) that motion was filed in violation of the notice requirements of L.R. 6-1 and L.R. 7-3: (2) the stated basis for a stay – the purported potential collateral estoppel impact of *United States Department of Justice v. Philip Morris USA Inc.* (the *DOJ* case) – has nothing to do with Defendants' pending motion for summary judgment on the statute of limitations; (3) Grisham has not plead the doctrine of offensive collateral estoppel, nor has she sought leave to assert it; (4) putting aside her pleading failure, Grisham's motion does not begin to satisfy the heavy burden of proof that the law imposes on parties asserting offensive collateral estoppel (a disfavored doctrine); and (5) a stay would not avoid the "unnecessary costs and expenses" of discovery given that expert discovery closes on June 15 and all other discovery closed on March 2, 2009.

For all these procedural and substantive reasons, Grisham's motion for stay should be denied. In fact, as Defendants' pending motion for summary judgment demonstrates, the time is ripe to end this action.

# ARGUMENT

**I.  Grisham filed her motion in violation of this Court's local rules.**

Grisham states that her counsel met and conferred with defense counsel with regard to her motion to stay on June 4 and 5, 2009. *See* Mtn. to Stay, p. 5. Under the local rules, her motion therefore should not have been filed before June 25, 2009. See L.R. 7-3 (the meet and confer "conference shall take place at least twenty (20) days prior to the filing of the motion."). Despite this rule, Grisham filed her motion on June 5, the same day that the meet and confer concluded.

Grisham also purportedly noticed her motion to stay for hearing on June 15, just 10 days after filing and serving that motion. Under L.R. 6-1, the earliest that a motion served on June 5 could be heard is June 26 (21 days out). Grisham's motion to stay therefore does not comply with L.R. 6-1 and L.R. 7-3. Motions that do not comply with these two local rules are typically disregarded by the courts of this district. *See,*

1  *e.g., Harris v. Del Taco Inc.*, 396 F. Supp. 2d 1107 (C.D. Cal. 2005) (disregarding cross-motion for summary judgment due to plaintiff's failure to comply with L.R. 6-1 and 7-3); *Wilson v. Airborne, Inc.*, 2007 WL 5010297 (C.D. Cal. 2007) (noting that motion to intervene did not comply with L.R. 6-1 and L.R. 7-3 and concluding "the Court will not consider the Motion to Intervene."). Grisham's motion to stay, filed in violation of these rules, should likewise be disregarded here.[1]

## II. *DOJ* is irrelevant to Defendants' pending statute of limitations motion.

Prior to Grisham's filing of her motion to stay, Defendants filed a motion for summary judgment on the statute of limitations defense. *See* Dkt. No. 160. Grisham appears to argue that a stay is warranted here because *DOJ* findings on fraud, if they were to become final, could potentially collaterally estop the Court from considering whether Grisham's personal injury action is timely under California law. *See* Mot. to Stay at 7. But *DOJ* contains no ruling on any statute of limitations issue for any personal injury claimant. To the contrary, *DOJ* involved only federal RICO claims brought by the federal government seeking only to enjoin future racketeering violations. No individual smokers' claims – let alone Grisham's – were at issue in *DOJ*. As a result, regardless of whether *DOJ* may have some preclusive effect (it does not), it is impossible that *DOJ* could have any estoppel effect on the limitations issue here. *See, e.g., Jack Faucett Assocs. v. AT&T Co.*, 744 F.2d 118, 125 (D.C. Cir. 1984) (requiring that the "identical issue" was "actually litigated" in the prior case).[2]

---

[1] L.R. 6-1 does allow that the Court "may order a shorter time" for a motion to be heard. But to obtain such an order, Grisham was required to file an *ex parte* request to have her **proposed** motion to stay heard at an earlier time. Under the *ex parte* process, the motion to stay merely would have been **lodged**, and later filed **only** if the court ordered that an earlier hearing date was merited. *See, e.g., Costner v. MRA Funding Corp.*, 2009 WL 1106815, *1 (C.D. Cal. 2009) (noting that *ex parte* moving party "must demonstrate that it will be irreparably prejudiced if the underlying motion is heard according to regular notice motion procedures" and that filing a "'accompanying **proposed** motion'" with the *ex parte* request is the proper procedure) (quoting *Mission Power Eng'g Co. v. Continental Cs. Co.*, 883 F. Supp. 2d 488, 292 (C.D. Cal. 1995) (emphasis added). Grisham simply by-passed this required process.

[2] A federal court sitting in diversity typically applies the collateral estoppel rules of the forum state. *Jacobs v. CBS Broadcasting Inc.*, 291 F.3d 1173, 1177 (9th Cir. 2002). But "[u]nder California law, the preclusive effect of a prior *federal* judgment is a matter governed by federal law." *Id.* (emphasis in original); *see also*

It is interesting, to say the least, that Grisham now claims in her motion to stay that Defendants' fraud "equitably estops [them] from relying on a statute of limitations defense." Mtn. to Stay at 7:23-24. Equitable estoppel is asserted by plaintiffs who have admitted (unlike Grisham) in their complaints that they were harmed *outside* the limitations period. Having never pled that she was physically injured outside the limitations period, Grisham has never pled equitable estoppel with regard to her physical injuries. As Defendants' motion for summary judgment establishes, Grisham cannot rely on tolling theories that she has never properly invoked. Defs' Mem. at 4-5; 13-17. And as Defendants' motion for summary judgment further establishes, discovery has shown that Grisham has no grounds to toll the statute of limitations even if she had pled such a theory. *Id.* at 5-12; 15-22.

## III.  Grisham has not invoked the collateral estoppel doctrine.

The party asserting collateral estoppel has the burden of *pleading* and proving collateral estoppel. *See, e.g., Hernandez v. City of Los Angeles*, 624 F.2d 935, 937 (9th Cir. 1980). Despite the fact that final judgment was entered by the trial court in *DOJ* on August 17, 2006, *see* Mtn. for Stay, Ex. 1, p. 16, Grisham has never sought leave to amend her complaint to assert the theory that Defendants are collaterally estopped by any aspect of *DOJ*. Because Grisham has not invoked the collateral estoppel doctrine, she has no grounds to rely upon it in her motion for stay.[3]

//
//

---

*Heck v. Humphrey*, 512 U.S. 477, 488 n. 9 (1994) ("State courts are bound to apply federal rules in determining the preclusive effect of federal court decisions on issues of federal law.").

[3] Grisham claims in a footnote to her motion that "[t]he parties inadvertently failed to include the *DOJ* case in the listing of cases which could have an impact on this case in their Joint Rule 26 Scheduling Report." *Id.* at 11 n.4. Defendants' "failure" to include *DOJ* was hardly inadvertent, as *DOJ* simply does not impact this case. That same footnote indicates that Grisham has been aware of the *DOJ* case for at least several months, *id.*, yet, tellingly, she has never sought leave to amend her complaint to assert collateral estoppel.

3

### IV. Grisham has not met her heavy burden to prove that the offensive collateral estoppel doctrine precludes litigation of any issues.

Grisham's failure to properly notice her motion, the clear irrelevancy of *DOJ* to Defendants' statute of limitations motion, and Grisham's failure to invoke the collateral estoppel doctrine in her complaint are dispositive of her motion. Moreover, the statute of limitations motion should dispose of this case, rendering a stay unnecessary. Accordingly, the Court need not and should not address collateral estoppel at this point.

As for how collateral estoppel applies to the substance of Grisham's personal injury causes of action, Defendants simply note at this point that Grisham bears the burden of proving all of the elements of that doctrine. *See, e.g., Hernandez*, 624 F.2d at 937; *In re Subpoena Duces Tecum Issued to Commodity Futures Trading Comm'n*, 439 F.3d 740, 743 (D.C. Cir. 2006). Grisham's burden is heightened here because she seeks to invoke non-mutual offensive collateral estoppel. *See, e.g., Jack Faucett*, 744 F.2d at 125, 133 (non-mutual offensive collateral estoppel is "potentially dangerous" and thus, "[w]here offensive collateral estoppel is involved, the element of 'fairness" gains special importance"); *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 395 n. 9 (5th Cir. 1998) ("Usually, when offensive collateral estoppel is at issue, the restrictions on the use of the doctrine are more stringent"); *Grubbs v. United Mine Workers of Am.*, 723 F. Supp. 123, 126-27 (W.D. Ark. 1989) ("the doctrine of non-mutual offensive collateral estoppel should be cautiously invoked").

Suffice it to say, consistent with her failure to plead the doctrine, Grisham has not even attempted to meet her burden of proving that all the elements of non-mutual collateral estoppel are met and that none of the numerous exceptions to the doctrine apply. Indeed, absent from her motion is any recitation, let alone any analysis, of the

doctrine's requirements and their application to the substantive elements of her claims. For this additional reason, her motion to stay should be denied.[4]

## V. Discovery is closed.

Grisham claims that her motion to stay could "avoid needlessly expending valuable resources and incurring potentially unnecessary costs and expenses." She specifically references the depositions of her expert witnesses and Defendants' expert witnesses as "costly events." Mtn. to Stay. at 10 n.3. But Grisham has no need for a stay to avoid "costly" discovery given that discovery in this action has basically closed. Non-expert discovery closed on March 2, 2009, and expert discovery closes on June 15, 2009, the date Grisham has requested that her motion be heard.[5]

## CONCLUSION

Grisham's motion for a stay misses the mark both procedurally and substantively. For all the above reasons, it should be denied.

Dated: June 12, 2009

_____
Gary R. Long, *pro hac vice*
Tammy B. Webb
Patrick J. Gregory
SHOOK, HARDY & BACON L.L.P.

Attorneys for Defendant
PHILIP MORRIS USA INC.

---

[4] Based on the elements of collateral estoppel and the many exceptions to that doctrine, there are many independent grounds to deny the collateral estoppel effect of the *DOJ* case. Indeed, the only court (Judge Weinstein) to consider the preclusive effect of *DOJ* rejected collateral estoppel because, among other reasons, "defendants have won so many of the tobacco cases" that "according conclusive effect to the last of the series of litigations is inappropriate." *Schwab v. Philip Morris USA Inc.*, 449 F. Supp. 2d 992, 1079 (E.D.N.Y. 2006), *rev'd on other grounds*, *McLaughlin v. Amer. Tobacco Co.*, 522 F.3d 215 (2d Cir. 2008). If the Court is ever inclined to reach the issue of whether collateral estoppel applies, Defendants request full briefing on the doctrine's non-applicability to any aspect of this individual personal injury action.

[5] To date, except for "cross-noticing" one fact witness that defendants had already noticed for deposition, Grisham has not noticed a single fact witness or defense expert for deposition. Despite having the defense experts' reports since April 20 per the Court's pre-trial schedule, Grisham has not deposed a single defense expert and could not now timely notice any defense expert before the close of discovery.

And

Elizabeth P. Kessler, *pro hac vice*
JONES DAY
901 Lakeside Avenue, Northpoint
Cleveland, OH 44114

Peter N. Larson
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104

Attorneys for Defendant BROWN & WILLIAMSON HOLDINGS, INC. (f/k/a Brown & Williamson Tobacco Corporation)