Gary R. Long, *pro hac vice*
 glong@shb.com
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547

Tammy B. Webb (SBN 227593)
 tbwebb@shb.com
Patrick J. Gregory (SBN 206121)
 pgregory@shb.com
SHOOK, HARDY & BACON L.L.P.
333 Bush Street, Suite 600
San Francisco, California 94104-2828
Telephone: (415) 544-1900
Facsimile:  (415) 391-0281

Attorneys for Defendant,
PHILIP MORRIS USA INC.
(f/k/a Philip Morris Incorporated)

[Additional counsel listed on signature page]

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Leslie L. Grisham,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>Philip Morris, Incorporated, et al.,<br><br>　　　　Defendants. | Civil Action No. CV-02-7930 SVW (RCx)<br><br>**DEFENDANTS' SUPPLEMENTAL BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO STAY**<br><br>Date:　July 6, 2009<br>Time:　1:30 p.m.<br>Judge:　The Honorable Stephen V. Wilson |

# SUPPLEMENTAL BRIEF IN OPPOSITION TO STAY

The California Supreme Court's certification of a question on the first-injury rule in *Pooshs v. Philip Morris USA Inc.* does not justify a stay here because resolution of that question: (a) impacts none of the reasons why Grisham's periodontal injury claims should be dismissed; and (b) could impact only one of three reasons why her second injury (COPD) claims should be dismissed.

As established in Defendants' motion for summary judgment on the statute of limitations defense ("SOL Motion"), Grisham's claim for her first injury (her periodontal harms) is time-barred for two reasons, neither of which is impacted by *Pooshs*.[1]

First, Grisham's action is untimely under the date-of-injury accrual rule, which controls this case (as Grisham has not invoked any exception to the normal running of the one-year statute of limitations). Grisham first had periodontal disease in the 1980s, making her March 2002 lawsuit untimely by over a decade. Resolution of the certified question in *Pooshs* does not impact this conclusion.

Second, even if Grisham had invoked the discovery rule, her periodontal injury claim is time-barred because Grisham had actual and constructive knowledge that put her on at least inquiry notice that smoking could be a possible cause of her injury. For this reason, and because the periodontal injury is the first injury, resolution of the certified question in *Pooshs* does not impact this ground for summary judgment.

Turning to Grisham's alleged second injury (COPD), Defendants established three independent grounds for summary judgment as to that claim, the first two of which are not impacted by *Pooshs*.

First, Grisham has disavowed that she had COPD as alleged in her complaint, and, during this lawsuit, she has had two pulmonary function tests that revealed no

---

[1] The certified question in *Pooshs* is: "When multiple distinct personal injuries allegedly arise from smoking tobacco, does the earliest injury trigger the statute of limitations for all claims, including those based on a later injury?"

1 | COPD. Defs' Mem. at 12-13, 22. Resolution of the *Pooshs* first-injury question has
2 | no impact on the issue of whether Grisham has COPD.
3 |     Second, Grisham told her doctor in February 2001 (outside the limitations
4 | period) that she had COPD and she was prescribed Wellbutrin to help her quit
5 | smoking. Accordingly, even if Grisham actually had COPD, her actual awareness of
6 | that claim outside the limitations period would be an independent basis to defeat it
7 | without regard to her periodontal disease claims. *Id. Pooshs* does not impact this
8 | conclusion.
9 |     Only Defendants' third ground – that Grisham's COPD claim is barred by the
10 | first-injury rule due to her earlier occurring periodontal injury – could be impacted by
11 | *Pooshs*. But resort to this third basis for summary judgment on her COPD claim is
12 | unnecessary because Grisham has disavowed her claimed COPD and, in any event, as
13 | established in Defendants' motion, she had actual and constructive knowledge of that
14 | injury outside the limitations period.
15 |     In short, a stay based on *Pooshs* is unwarranted. Resolution of the *Pooshs*
16 | question either way could not impact Defendants' two arguments why the Grisham's
17 | periodontal injury claims are untimely. Nor does it impact two of three independent
18 | grounds why Grisham's COPD injury claim cannot survive summary judgment.
19 | Because this case can and should be adjudicated in Defendants' favor on grounds not
20 | dependent on the *Pooshs* certified question, this case should not be stayed, and
21 | Defendants' motion for summary judgment should be granted.

## CONCLUSION

23 |     For all the reasons stated in Defendants' opposition brief and in this
24 | supplemental brief, Grisham's motion to stay should be denied.
25 | //
26 | //
27 | //
28 | //

| | |
|---|---|
| Dated: June 22, 2009 | /S/ Patrick J. Gregory |

Gary R. Long, *pro hac vice*
Tammy B. Webb
Patrick J. Gregory
SHOOK, HARDY & BACON L.L.P.

Attorneys for Defendant
PHILIP MORRIS USA INC.

and

Elizabeth P. Kessler, *pro hac vice*
JONES DAY
325 John H. McConnell Boulevard
Columbus, OH  43125

and

Peter N. Larson
JONES DAY
555 California Street, 26th Floor
San Francisco, CA  94104

Attorneys for Defendant BROWN & WILLIAMSON HOLDINGS, INC. (f/k/a Brown & Williamson Tobacco Corporation)