Michael L. Baum (CA State Bar #119511)
mbaum@baumhedlundlaw.com
Frances M. Phares (LA State Bar #10388)
fphares@baumhedlundlaw.com
Ronald L.M. Goldman (CA State Bar #33422)
rgoldman@baumhedlundlaw.com
BAUM, HEDLUND, ARISTEI & GOLDMAN, P.C.
12100 Wilshire Boulevard, Suite 950
Los Angeles, California 90025
(310) 207-3233 Tel
(310) 820-7444 Fax

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE GRISHAM,<br><br>   Plaintiff,<br><br>   v.<br><br>PHILIP MORRIS USA INC., et al.<br><br>   Defendants. | Case No.  02-7930 SVW (Rcx)<br><br>Judge:  Hon. Stephen V. Wilson<br><br>**PLAINTIFF'S REPLY TO DEFENDANTS' SUPPLEMENTAL OPPOSITION TO MOTION TO STAY**<br><br>Date:        July 6, 2009<br>Time:       1:30 p.m.<br>Courtroom: 6 |

## PLAINTIFF'S REPLY TO DEFENDANTS' SUPPLEMENTAL OPPOSITION TO MOTION TO STAY

**Introduction**

Fraud by any other name is still fraud.  The DOJ case is about how these defendants fraudulently concealed the health dangers of smoking cigarettes for decades .  Leslie Grisham's case is about how the very same defendants fraudulently concealed periodontal disease as a health danger of smoking.  In the DOJ case, Judge Kessler enjoined these defendants from committing more fraud.  Yet by continuing to assert that Grisham should have discovered that her periodontal disease was caused by cigarettes in the 1980s — at a time when

---

1

Plaintiff's Reply to Defs'
Suppl. Opp to Motion to Stay

defendants were misleading the public by hiding or denying or creating controversy over the dangers of cigarettes — defendants are once again committing fraud. But this time their fraud is in direct violation of a federal court judge's bar order and the appellate court's approval of that order. Until the DOJ ruling is finalized by the United States Supreme Court, the Grisham case, where the issue of fraud is front and center for deciding the summary judgment motion on statute of limitations, should be stayed.

**Explanation of California's delayed discovery rule**

Under California's "delayed discovery" rule, when a plaintiff does not discover the defendant's wrongdoing at the time of the injury, the limitations period does not start until the cause of action *accrues*. A cause of action accrues when the elements of injury, wrongdoing, and resultant damages are completed. *Norgart v. Upjohn Co.* (1999) 21 Cal.4th 383, 397. A defendant's fraud in concealing a cause of action against him will toll the limitations period, and that tolling will last as long as a plaintiff's reliance on the misrepresentations is reasonable. *Grisham v. Philip Morris U.S.A., Inc., et al*., 40 Cal.4th 623, 637 (2007). Here, defendants' fraud and fraudulent concealment of their wrongdoing tolled the statute of limitations on Grisham's periodontal claim until she learned that her injuries were smoking related in April of 2001.

**Delayed discovery allegations of Grisham's complaint**

Grisham has properly invoked sufficient information for the Court to determine that the discovery rule has been pled in her Third C/A for false representation, FAC ¶¶ 60-65; Fourth C/A for fraudulent concealment, FAC ¶¶ 66 - 78; and Sec. IV: Allegations and Facts Re: Delayed Discovery of Addiction-Related Injuries . . . ", FAC ¶¶ 169 - 189. She has pled that she did not learn until April of 2001 that smoking caused periodontal disease. "[A]

2

Plaintiff's Reply to Defs'
Suppl. Opp to Motion to Stay

plaintiff's ignorance of wrongdoing involving a product's defect will usually delay accrual [of the cause of action] because *such wrongdoing is essential to that cause of action.*" *Fox v. Ethicon Endo-Surgery, Inc.* (2005) 35 Cal.4th 797, 813; *Clark v. Baxter Healthcare Corp.* (2000) 83 Cal. App. 4th 1048).

**Reasons to apply the *DOJ* case and stay the proceedings**

Because the *DOJ* decision on defendants' fraud and fraudulent conduct is so broad reaching, it affects every one of Grisham's remaining claims. Collateral estoppel or issue preclusion is appropriate for the court to consider due to the numerous claims of fraud Grisham has made which are identical to the claims of fraud made in the *DOJ* case

Moreover, defendants' summary judgment motion argues affirmative defenses directly related to whether or not their conduct has been fraudulent. They argue that Grisham has no evidence to prove the reasonableness of her lack of discovery of the cause of her periodontal disease and a heightened duty to inquire as to its cause. But where a defendant has been found to have committed fraud [*DOJ* case], a plaintiff has no inquiry duty unless and until she receives "actual notice" of the cause of her injuries. *See, Garamendi v. SDI Vendome S.A.*, 276 F.Supp.2d 1030, 1042 (C.D.Cal.2003) [When intentional concealment tolls the statute of limitations, pursuant to "fraudulent concealment doctrine," something closer to actual notice than mere inquiry notice is required to end the tolling period, under California law.]).

**Reasons to apply the Pooshs case and stay the proceedings**

Because defendants' summary-judgment motion alleges as an affirmative defense to Grisham's COPD claims a single-injury rule, citing the Nikki Pooshs case, Grisham's motion to stay notified this court that the Pooshs case is now before the California Supreme Court on a certified question. *Nikki Pooshs v. Philip Morris, USA, Inc., et al*, No. S172023, 9th Circuit Case No. 04-16338.

_____

Plaintiff's Reply to Defs'
Suppl. Opp to Motion to Stay

1  The question is whether a single-injury or a two-injury rule should be applied in
2  situations where a plaintiff has suffered two injuries at different times from the
3  same wrongdoing.
4      The defendants cited *Pooshs* in support of their theory that Grisham's
5  COPD claim is time-barred under California's single-injury rule.  Because
6  Grisham learned that she had smoking induced periodontal disease in April of
7  2001 and COPD in July of 2001 and filed suit on March 15, 2002, she contends
8  that the court does not need wait to find out whether the California Supreme
9  Court will find that a two-injury rule applies to claims like her two claims.
10     However, the defendants have urged the application of a single-injury rule
11 as an affirmative defense to Grisham's COPD claim.  While they have made
12 contradictory assertions that (1) Grisham knew she had COPD on February 27,
13 2001 (which she did not know), (2) Grisham does not have COPD (per their
14 expert witness reports), the court would need to know the answer to the certified
15 question before it could consider this defense.

**Conclusion**

17     The defendants' reasons for not staying this case are invalid.  Their
18 summary judgment motion assume that this court will believe them when they
19 say they have not been misleading the public, including Leslie Grisham, for the
20 last 50 years.  Judge Kessler found otherwise, and her decision enjoins them
21 from committing more fraud.   Her findings of fraud should be applied to estop
22 the defendants from endlessly denying their fraudulent conduct and
23 misrepresentation of facts about cigarettes, smoking, health risks, nicotine
24 manipulation, the safety of light cigarettes, addiction and targeting of youth.
25 Alternatively, Grisham requests an opportunity to file a motion to assert
26 collateral estoppel and issue preclusion as related to the claims in her case.
27 ///
28 ///

4

Plaintiff's Reply to Defs'
Suppl. Opp to Motion to Stay

1 | Dated: June 25, 2009        Respectfully Submitted,

2 | BAUM, HEDLUND, ARISTEI & GOLDMAN, P.C.

3 |

4 | By:   /s/Frances M. Phares

5 |        Frances M. Phares, Esq.
         Michael L. Baum, Esq.

6 |        Attorneys for Plaintiff

---

5

Plaintiff's Reply to Defs'
Suppl. Opp to Motion to Stay

| | |
|---|---|
| STATE OF CALIFORNIA | ) |
| COUNTY OF LOS ANGELES | ) ss.<br>) |

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years, and am not a party to the within action; my business address is 12100 Wilshire Blvd., Suite 950, Los Angeles, California 90025.

On the date hereinbelow specified, I served the documents described as set forth below on the named defendants in this action as follows:

**Date of Service:**  **June 25, 2009**

**Document Served:**  **PLAINTIFF'S REPLY TO DEFENDANTS' SUPPLEMENTAL OPPOSITION TO MOTION TO STAY**

**Parties Served:**  **SEE ATTACHED SERVICE LIST**

  X    **(VIA THE COURT'S ECF FILING SYSTEM)**

___    **(BY PERSONAL SERVICE)**

___    **(BY U.S. MAIL)** I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at Los Angeles, California. I am "readily familiar" with the firm's practice of collection and processing or correspondence for mailing. It is deposited with the U.S. Postal Service on the same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

___    **(BY E-MAIL)** I caused said documents to be transmitted via facsimile to the e-mail addresses marked on the attached service list.

___    **(BY FACSIMILE)** I caused said documents to be transmitted via facsimile to the offices of the addressee(s) marked on the attached service list.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

**EXECUTED**: June 25, 2009 at Los Angeles, California.

/s/ Sheila Beam
Sheila Beam

6

Plaintiff's Reply to Defs'
Suppl. Opp to Motion to Stay

SERVICE LIST

Frank P. Kelly
fkelly@shb.com
Tammy B. Webb
tbwebb@shb.com
Ingrid Peterson
ipeterson@shb.com
Patrick J. Gregory
Pgregory@shb.com
Dana N. Gwaltney
dgwaltney@shb.com
SHOOK, HARDY & BACON L.L.P.
333 Bush Street, Suite 600
San Francisco, California 94104-2828
Telephone: (415) 544-1900
Facsimile: (415) 391-0281

Attorneys for Philip Morris USA, Inc.

Erin L. Dickinson
eldickinson@jonesday.com
Amanda S. Jacobs
asjacobs@jonesday.com
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212

Peter N. Larson
pnlarson@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700

Attorneys for Brown & Williamson Holdings, Inc.
(formerly known as Brown & Williamson Tobacco Corp.)

7

Plaintiff's Reply to Defs'
Suppl. Opp to Motion to Stay