# EXHIBIT 1

**TRIAL REPORT NO. 40**
**PRIVILEGED AND CONFIDENTIAL**
**ATTORNEY WORK PRODUCT**
**ATTORNEY-CLIENT COMMUNICATION**

| | |
|---|---|
| ROBERT A. FALISE, LOUIS KLEIN, JR., RANK MACCHIAROLA, and CHRISTIAN E. MARKEY, JR., as Trustees, | United States District Court Eastern District of New York |
| Plaintiffs, | |
| vs. | CV No. 99-7392 (JBW) |
| THE AMERICAN TOBACCO COMPANY, R.J. REYNOLDS TOBACCO COMPANY, B.A.T. INDUSTRIES, PLC, BROWN & WILLIAMSON TOBACCO CORPORATION, PHILIP MORRIS INCORPORATED, LIGGETT GROUP, INC., and LORILLARD TOBACCO COMPANY, | |
| Defendants. | |
| January 25, 2001 | Reporter:   Karen A. Read Shook, Hardy & Bacon, LLP |

I.  **JURY DELIBERATIONS**

Judge Weinstein declared a mistrial today. This mistrial was the result of the following separately written notes to the Court which were received in quick succession:

"I'm out. No reason going (sic) on."

"We cannot reach unanimity."

"Juror has made threat against other juror to kill if juror have (sic) to be here much longer."

I.  **CONTINUED PROCEEDINGS**

There is no official word whether the case will be retried, and if so, when.

Exhibit ____, Page ____

Smokefree Network Login:[SIGN UP]

your email    [Password]    [LOGIN] (Forgot Password?)

Email

Home   Collections   Profiles   More   Recent Searches    Jump to: CHOOSE A COLLECTION:

People
Organizations
Operations
Case
Additives
Hypothesis
Demographics
Design Components
Smoke Constituents

## Falise v. American Tobacco Co.

(Contribution US Dist. Ct. E. NY 1999 Dismissed) *Related Cases: H.K. Porter Co. v. ATC; Raymark Industries v. ATC; National Asbestos Workers' Medical Fund v. PM; Blue Cross and Blue Shield of New Jersey v. PM; Bergeron v. PM; Simon v. PM; Liggett v. Latham & Watkins Citation:* 241 B.R. 48 (2 Nov 1999); 241 B.R. 63 (10 Nov 1999 denied motion to amend complaint); 193 F.R.D. 73 (4 Jan 2000 granting discovery of publicly disclosed documents); 91 F.Supp.2d 525 (3 Apr 2000); 192 F.R.D. 90 (18 Apr 2000); 94 F.Supp.2d 316 (1 May 2000); 193 F.R.D. 92 (9 May 2000 outlining settlement issues); 258 F.Supp.2d 63(28 Jul 2000 regarding expert witnesses); 107 F.Supp.2d 200 (28 Jul 2000 regarding expert witnesses); 229 F.3d 1135 (27 Sep 2000)

This contribution suit was filed by Robert A. Falise, Louis Klein Jr., Frank Macchiarola and Christian E. Markey, Jr., as Trustees of the Manville Personal Injury Settlement Trust against American Tobacco Co., R.J. Reynolds, British American Tobacco, Brown & Williamson, Philip Morris, Liggett, and Lorillard on December 31, 1997.

The plaintiffs represent the Manville Personal Injury Settlement Trust, established in 1988 under a bankruptcy plan for Johns-Manville Corp., an asbestos product manufacturer. Johns-Manville filed bankruptcy rather than face the thousands of pending personal injury suits from asbestos workers. Despite its knowledge that smoking increased the risk of asbestos-related illness, Johns-Manville never impleaded the tobacco industry into its bankruptcy. The plaintiffs alleged that the defendants concealed dangerous synergy of smoking and asbestos exposure. Had the plaintiffs known of the dangers, they would have impleaded the tobacco industry long ago and make them responsible for a portion of the personal injury claims the Trust was responsible for. The plaintiffs sought to recover $1.4 billion of smoking-related healthcare costs.

The case heard in the United States District Court, Eastern District of New York (99-CV-7392) before the Honorable Jack B. Weinstein. On November 2, 1999, the judge (241 B.R. 48) ruled that the federal court did not have jursidiction, and dismissed the case. The plaintiffs brought the case in federal court under federal subject matter jurisdiction, based on the court's role in the bankruptcy proceeding, but all their claims were state claims. The court ruled that bankruptcy courts only have limited competance, and that competance must be negated by the time the bankruptcy proceedings have terminated. The competance does not extend to a suit against someone not a party to the bankruptcy. The original debtor, Johns-Manville, was no longer a party, the case did not prevent interference with the bankruptcy plan, there was no bankruptcy estate, and the plaintiffs are not Johns-Manville's creditors. Finally, the language of the plan did not provide for that kind of continuing jurisdiction.

A new complaint was filed on November 11, 1999, adding four Racketeer Influenced and Corrupt Organization Act claims as bases for federal jurisdiction. In addition, the plaintiffs claimed State Fraud Action violations, unjust enrichment, restitution, contribution, indemnification, and unfair competition.

On April 3, 2000, the judge (91 F.Supp.2d 525) granted in part and rejected in part the defendants motion for summary judgement. The court found that the plaintiffs' RICO actions accrued under the statute of limitation when the claimant asserting the

Exhibit 1, Page 2

injury filed his claim with the trust. For this reason, the Trust was limited to collecting on Direct Payment Action claims filed with the trust after November 11, 1995 and for future claims to be filed before January 1, 2050. The court granted summary judgment against the plaintiffs' other RICO claims. It denied summary judgment on the State Fraud Action for claims filed after December 31, 1991.

On April 18, 2000, the court consolidated the case with several others for the purposes of settlement only.

The defendants moved for summary judgment. The court (94 F.Supp.2d 316) granted the motion in part and denied in part on May 1, 2000. The court ruled that the plaintiffs had not stated a claim regarding their RICO Settlement or Investment claims. However, they did state a claim regarding direct payment and under the State Fraud Action, showing reasonable reliance on the defendants' misinformation campaign by the Trusts' smoking claimants. The defendants' misrepresentations could be said to be a proximate cause of the plaintiffs' injuries because unlike in Laborers Local 17, (1) there was no intervening action on the part of the plaintiffs, (2) the plaintiffs and the defendants were joint tortfeasors in the claimants' cases, prohibiting multiple recoveries, and (3) damages recovered by the plaintiffs would be distributed to those most directly injured by the defendants' actions. Conpiracy claims based on the unsubstantiated claims were dismissed as well. The Cigarette Labeling and Advertising Act did not preempt the RICO and fraud claims because they were based on intentional misrepresentations.

On September 27, 2000, the court (229 F.3d 1135) dismissed the plaintiffs' state-law claims for restitution, contribution, indeminifaction, unfair competition and unjust enrichment. The court found these claims were not related to the bankruptcy jurisdiction of the court, leaving only the RICO and state-law fraud issues for trial. The case went to trial on December 4, 2000, and ended in a mistrial due to a hung jury on January 25, 2001. The parties stipulated to a voluntary dismissal with prejudice on June 29, 2001.

Home | Collections | Profiles | Other Resources
© 1999-2009 Tobacco Documents Online