# EXHIBIT 3

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE, MISSOURI

WILLIAM VANDENBURG,

          Plaintiff,

vs.                                        Case No:    03CV237238
                                              DIVISION 5

BROWN AND WILLIAMSON TOBACCO, ET AL.,

          Defendants.

### JUDGMENT ON JURY VERDICT

The above-entitled case came on for trial by jury before the undersigned Judge of Circuit Court on January 5, 2006 to February 22, 2006. Plaintiff WILLIAM VANDENBURG appeared in person and by attorney KENNETH BLAIR MCCLAIN II. Defendants BROWN AND WILLIAMSON TOBACCO and R. J. REYNOLDS TOBACCO CO., appeared in person and by attorneys, JEFFREY FURR, Defendant PHILIP MORRIS USA, INC. appeared by attorney ROGER GEARY, and Defendant LIGGETT GROUP, INC. appeared by attorney JAMES DURBIN.

The case was submitted on the pleadings of record. Evidence was presented to the jury by the parties.

The case was submitted to the jury with jury instructions from the Court.

The jury retired to deliberate and returned the following verdict:

### VERDICT A

### PART I

Note: Complete this form as required by your verdict.

On the claim of plaintiff William A. VanDenBurg for personal injury based

on concealment or conspiracy against defendant Philip Morris USA Inc., we, the undersigned jurors, find in favor of:

*Defendant Philip Morris USA, Inc.*

_____        _____
Plaintiff William A. VanDenBurg    or    Defendant Philip Morris USA Inc.

On the claim of plaintiff William A. VanDenBurg for personal injury based on concealment or conspiracy against defendant Brown & Williamson Tobacco Corporation, the undersigned jurors, find in favor of:

*Defendant Brown & Williamson Tobacco Corporation*

_____        _____
Plaintiff William A. VanDenBurg    or    Defendant Brown & Williamson
                                          Tobacco Corporation

On the claim of plaintiff William A. VanDenBurg for personal injury based on concealment or conspiracy against defendant R. J. Reynolds Tobacco Co., the undersigned jurors, find in favor of:

*Defendant R. J. Reynolds Tobacco Co.*

_____        _____
Plaintiff William A. VanDenBurg    or    Defendant R. J. Reynolds Tobacco
                                          Co.

## PART II

Note: Complete the following by filling in the blanks as required by your verdict on the claim of plaintiff for personal injury based on failure to warn, negligence and product defect whether or not you found in favor of plaintiff on his claim for personal injury based on concealment or conspiracy. If you assess a percentage of fault to any of those listed below, write in a percentage of fault not greater than

100%. Otherwise, write in "zero" next to that name. If you assess a percentage of fault to any of those listed below, the total of such percentages must be 100%.

On the claims of plaintiff William A. VanDenBurg for personal injury based on failure to warn, negligence and product defect, we, the undersigned jurors, assess percentages of fault as follows:

| | | |
|---|---|---|
| Defendant Philip Morris USA Inc. | -0- | % (zero to 100%) |
| Defendant Brown & Williamson Tobacco Corporation | -0- | % (zero to 100%) |
| Defendant R. J. Reynolds Tobacco Co. | -0- | % (zero to 100%) |
| Defendant Liggett Group, Inc. | -0- | % (zero to 100%) |
| Plaintiff William A. VanDenBurg | -0- | % (zero to 100%) |
| Total: | -0- | % (zero or 100%) |

WHEREFORE, IT IS ORDERED, ADJUDGED and DECREED, that judgment is entered in favor of Defendants, BROWN AND WILLIAMSON TOBACCO CORP., R. J. REYNOLDS TOBACCO CO., PHILIP MORRIS USA, INC. and LIGGETT GROUP, INC., and each of them, and against Plaintiff WILLIAM VANDENBURG, on all claims.

IT IS FURTHER ORDERED that Plaintiff pay all costs of this action.

IN DEFAULT THEREOF, LET EXECUTION ISSUE THEREFOR.

Dated: FEBRUARY 22, 2006

_W. Stephen Nixon_
W STEPHEN NIXON
JUDGE

A TRUE COPY - ATTEST
CIRCUIT COURT OF JACKSON COUNTY, MO
COURT ADMINISTRATOR'S OFFICE
DEPARTMENT OF CIVIL RECORDS

BY _Kimberly S. Schartz_ DCA

**Certificate of Service**

This is to certify that a copy of

Case Number: 03CV237238    WILLIAM VANDENBURG v BROWN AND WILLIAMSON TOBACCO    Page 3 of 4

Exhibit 3, Page 8

the foregoing was mailed postage pre-paid or hand delivered to the following on this 22nd day of February, 2006

Copies to:

BRUCE DAVID RYDER
THOMPSON COBURN LLP
ONE US BANK PLAZA
SAINT LOUIS, MO 63101

KENNETH BLAIR MCCLAIN
SUITE 400
221 W LEXINGTON
INDEPENDENCE, MO 64051

GREGORY LEYH
GREGORY LEYH, P.C.
104 NE 72nd STREET
GLADSTONE, MO 64118

JAMES A. DURBIN
CROWN CENTER
2420 PERSHING ROAD STE 400
KANSAS CITY, MO 64108

ROGER GEARY
SHOOK HARDY & BACON LLP
2555 GRAND BLVD
KANSAS CITY, MO 64108-2613

JEFFREY L. FURR &
URSULA HENNINGER
WOMBLE, CARLYLE, SANDRIDGE & RICE
ONE WEST FOURTH STREET
WINSTON-SALEM, NC 27101

_____
Judicial Administrative Assistant

**RJReynolds**

William A. VanDenBurg

Plaintiff

v.

**BROWN & WILLIAMSON TOBACCO CORPORATION, R.J. REYNOLDS TOBACCO COMPANY, PHILIP MORRIS USA, INC. and LIGGETT GROUP INC.**

Defendants

Circuit Court of Jackson County, Missouri at Independence

Case No. 03CV237238
Division 5

January 4, 2006

BACKGROUNDER

## PURPOSE

This backgrounder has been prepared by R.J. Reynolds Tobacco Company to provide a concise reference document on this individual smoking and health case. It is not a court document.

## THE PLAINTIFF

William A. VanDenBurg filed this lawsuit on Jan. 31, 2003 as a part of a multi-plaintiff case seeking money damages for various diseases allegedly caused by cigarette smoking. Mr. VanDenBurg was born on June 23, 1925 in Kansas City, Mo. He graduated from Shawnee Mission Rural High School in 1942.

In September 1942, Mr. VanDenBurg enlisted in the United States Navy as a Pharmacist's Mate Third Class. Mr. VanDenBurg was honorably discharged in 1945.

Mr. VanDenBurg worked for the United States Postal Service as a letter carrier in Kansas City, Mo., from 1948 to 1955. He was part-owner of and delivery truck driver for Lenexa Cleaners in Lenexa, Kan., from 1955 to 1961. He returned to the Postal Service as a letter carrier from 1960 to 1968, and transferred to Phoenix, Ariz. as a letter carrier from 1968 to 1984. He retired from the Postal Service in 1984. Mr. VanDenBurg married Alice Irene Garrett on Sept. 22, 1945. Mr. and Mrs. VanDenBurg have four daughters: Lynn Yeamans, Mary Louise Johnson, Virginia Davis, and Lora VanBecelaere.

The plaintiff is represented by Kenneth McClain, Donald Loudon and Scott Hall of the Independence, Mo., law firm of Humphrey, Farrington, and McClain.

## THE DEFENDANTS

**Brown & Williamson Tobacco Corporation**

As of July 31, 2004, the domestic tobacco business of Brown & Williamson Tobacco Corporation, now known as Brown & Williamson Holdings, Inc., a Delaware corporation (B&W), merged with R.J. Reynolds Tobacco Company, a New Jersey corporation, to form R.J. Reynolds Tobacco Company, a North Carolina corporation.

In connection with the business combination, R.J. Reynolds agreed to indemnify B&W and its affiliates against any litigation liabilities, costs and expenses incurred by B&W or its affiliates arising out of the U.S. cigarette and tobacco business of B&W.

B&W manufactured the Kool, Pall Mall, GPC, Carlton, Lucky Strike and Misty cigarette brands.

### R.J. Reynolds Tobacco Company

R.J. Reynolds Tobacco Company is the nation's second largest manufacturer of cigarettes. R.J. Reynolds is a wholly-owned subsidiary of Reynolds American Inc., and is headquartered in Winston-Salem, N.C. Its brands include those of the former B&W as well as Winston, Salem, Camel and Doral.

Brown & Williamson and R.J. Reynolds are represented by Jeffrey Furr and Ursula Henninger of the Winston-Salem, N.C. office of Womble Carlyle Sandridge & Rice, PLLC and Bruce Ryder of Thompson Coburn LLP.

### Philip Morris USA, Inc.

Philip Morris USA, Inc. is the nation's largest manufacturer of cigarettes. Headquartered in New York City, the company's major brands include Marlboro, Basic, Benson & Hedges, Virginia Slims and Merit.

Philip Morris is represented by Roger Geary and Dave Woods of the Kansas City, Mo. office of Shook, Hardy & Bacon L.L.P.

### Liggett Group Inc.

Liggett Group is the sixth largest manufacturer of cigarettes in the United States and is headquartered in Mebane, N.C. Liggett is the maker of Pyramid, Jade, and Eve 120s branded discount products.

Liggett Group Inc. is represented by Leonard A. Feiwus and Michael P. Rosenstein of the Kasowitz, Benson, Torres & Friedman LLP firm in New York City, N.Y. and James Durbin of Swanson Midgley LLC in Kansas City, Mo.

## TRIAL SITE

The case is being tried in the Circuit Court of Jackson County, Mo., at Independence, Division 5.

## JUDGE

The Honorable W. Stephen Nixon is the trial judge.

## EXPECTED DURATION

Jury selection is scheduled to begin on Jan. 4, 2006. The judge has indicated that the trial is scheduled for no more than four weeks.

## JURY AND VERDICT

The jury will consist of twelve jurors and four alternate jurors. A verdict is reached when nine of the twelve jurors agree on a decision.

## PLAINTIFF'S CASE

Mr. VanDenBurg alleges that his use of the defendants' cigarettes caused him to develop lung cancer. Mr. VanDenBurg started smoking cigarettes in 1944 at the age of eighteen during World War II. Mr. VanDenBurg began smoking because a fellow soldier told him that it would calm his nerves. He stopped smoking cigarettes from 1984 to 1986 because of health problems his wife was experiencing. Mr. VanDenBurg quit smoking cigarettes May 3, 1991, the day he had a heart attack, and has not smoked since. Mr. VanDenBurg claims he did not know smoking was bad for him until he had his heart attack in 1991.

Mr. VanDenBurg claims to have smoked Chesterfield, Camel, Old Gold, and Lucky Strike in the 1940s, Philip Morris in the 1950s, Marlboro in the late 1960s and 1970s, and Benson & Hedges, Tareyton, Pall Mall and Winston in the 1970s. Mr. VanDenBurg has testified he smoked Raleigh 100s in the years prior to quitting in 1991.

In his petition, plaintiff asserts claims for negligence, strict liability, fraudulent concealment, fraudulent misrepresentation and conspiracy. In each of these five counts, the principal contention is that each defendant did not adequately warn consumers, including Mr. VanDenBurg, about the health risks of smoking. Plaintiff contends that the defendant cigarette manufacturers conspired to withhold from the public pertinent medical and scientific data regarding the health effects of cigarette smoking. Plaintiff further contends that the cigarettes he smoked were defectively designed and unreasonably dangerous.

Mr. VanDenBurg was diagnosed with lung cancer in August 2002 and is currently suffering from a variety of health problems. Plaintiff's experts are expected to

testify that the cancer is a primary lung cancer caused by his cigarette smoking. Plaintiff's experts are also expected to testify that Mr. VanDenBurg's current health problems are related to either his cigarette smoking, his lung cancer or both.

Plaintiff seeks an unspecified amount in actual and punitive damages.

## DEFENDANTS' CASE

The defendants deny all of the plaintiff's claims.

With respect to Mr. VanDenBurg's claims of defective product design, the defendants argue that cigarettes manufactured by them conform to the available technological, medical and scientific states-of-the-art, and likewise comply with all applicable government regulations. As such, the plaintiff has not and cannot offer any evidence that at any time during Mr. VanDenBurg's smoking history there was a practical and technologically feasible, safer alternative cigarette design that would have been used by him and that would have prevented his lung cancer.

The defendants contend that, according to his own testimony, Mr. VanDenBurg did not rely on any representations made by the cigarette manufacturers for any decisions he made regarding his smoking behavior.

The defendants maintain that the potential health risks of cigarette smoking are common knowledge. Defendants expect to present evidence at trial that there was widespread awareness of the health risks of cigarette smoking during Mr. VanDenBurg's lifetime. Since Jan. 1, 1966, all packages of cigarettes that Mr. VanDenBurg smoked bore a Surgeon General's warning. From July 1, 1969, that warning is deemed to be adequate as a matter of law. Additionally, as of March 1972 all print advertisements for defendants' cigarettes bore a label warning smokers about the potential harmful effects of smoking. Mr. VanDenBurg acknowledges that he saw many of the warnings on cigarette packs but ignored those warnings and continued smoking until 1991.

Mr. VanDenBurg's treating physicians diagnosed him with lung cancer in August 2002. Defendants' experts are expected to testify that based upon its location and presentation, the cancer is an unusual lung cancer not likely to have been caused by Mr. VanDenBurg's smoking, which he stopped more than eleven years before diagnosis. Mr. VanDenBurg has been cancer free for over three years. Mr. VanDenBurg's current medical problems are unrelated to his lung cancer; they are

related to his multiple medical conditions, including diabetes.

The defendants will call medical experts to testify not only about these medical issues, but also about the concepts of addiction, dependence, habituation and abuse. Experts will discuss the historical development and current meanings of those concepts in public health and popular usage. If called, they will testify that there is nothing in cigarettes or in nicotine that either forces a person to smoke against his will or prevents one from making a decision to quit smoking and successfully acting upon that decision. In fact, Mr. VanDenBurg testified that he quit from 1984 to 1986, and that it was easy for him to quit at that time, as well as when he quit for good in 1991.

## PROCEDURAL HISTORY

This case was originally filed on behalf of nineteen plaintiffs and styled *Alexander, et al. v. Brown & Williamson, et al.* The nineteen plaintiffs filed their amended petition on May 21, 2003, in the Circuit Court for Jackson County, Mo.

On May 12, 2005, the Court granted the defendants' October 14, 2003 Motion to Sever the claims of each plaintiff. The claims relating to each plaintiff named in the May 21, 2003 Amended Petition were severed for trial.

Defendants filed motions in October 2005 seeking summary judgment on a variety of plaintiff's claims, including fraudulent concealment, negligence and strict liability failure to warn, and fraud claims based on statute of limitations.