# EXHIBIT 6

RIC361065

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE
APR 21 2005

# SPECIAL VERDICT NO. 1

(Medical Causation)

Question No. 1:  Was smoking Philip Morris' cigarettes a substantial factor in causing Bruce Coolidge's lung cancer?

Yes _____     No __X__

If "yes," go to Special Verdict No. 2.

If "no," stop now and turn in Special Verdict forms.

## SPECIAL VERDICT NO. 2

(Claim of Negligent Failure to Warn Before July 1, 1969)

Question No. 2:   Prior to July 1, 1969, did Philip Morris manufacture the cigarettes that Bruce Coolidge smoked?

   Yes _____   No _____

   If "yes," answer Question No. 3.

   If "no," go to Special Verdict No. 3.

Question No. 3:   Prior to July 1, 1969, did Philip Morris know or should it have reasonably known that cigarettes were dangerous or were likely to be dangerous when used in a reasonably foreseeable manner?

   Yes _____   No _____

   If "yes," answer Question No. 4.

   If "no," go to Special Verdict No. 3

Question No. 4:   Prior to July 1, 1969, did Philip Morris know or should it have reasonably known that users of cigarettes would not realize the danger?

   Yes _____   No _____

   If "yes," answer Question No. 5.

   If "no," go to Special Verdict No. 3

Question No. 5:   Prior to July 1, 1969, did Philip Morris fail to adequately warn Bruce Coolidge of the danger of its cigarettes?

   Yes _____   No _____

   If "yes," answer Question No. 6.

If "no," go to Special Verdict No. 3

Question No. 6:   Prior to July 1, 1969 would a reasonable manufacturer under similar circumstances have warned of the danger?

Yes _____    No _____

If "yes," answer Question No. 7.

If "no," go to Special Verdict No. 3 on the next page.

Question No. 7:   Was Bruce Coolidge harmed?

Yes _____    No _____

If "yes," answer Question No. 8.

If "no," go to Special Verdict No. 3 on the next page.

Question No. 8:   Was Philip Morris' failure to warn, prior to July 1, 1969, a substantial factor in causing Bruce Coolidge's injury?

Yes _____    No _____

Proceed to Special Verdict No. 3

## SPECIAL VERDICT NO. 3

(Claim of Strict Liability - Warning Defect Before July 1, 1969)

Question No. 9:   Prior to July 1, 1969, did Philip Morris manufacture the cigarettes Bruce Coolidge smoked?

    Yes _____   No _____

If "yes," answer Question No. 10.

If "no," go to Special Verdict No. 4

Question No. 10:   Prior to July 1, 1969, did cigarettes have potential risks that were known or knowable by the use of scientific knowledge available at the time of manufacture, distribution and sale?

    Yes _____   No _____

If "yes," answer Question No. 11.

If "no," go to Special Verdict No. 4

Question No. 11:   Prior to July 1, 1969, did the potential risks of cigarettes present a substantial danger to the users of cigarettes?

    Yes _____   No _____

If "yes," answer Question No. 12.

If "no," go to Special Verdict No. 4

Question No. 12:   Prior to July 1, 1969, would ordinary consumers have recognized the potential risks of smoking Philip Morris' cigarettes?

    Yes _____   No _____

If "no," answer Question No. 13.

If "yes," go to Special Verdict No. 4

Question No. 13:   Prior to July 1, 1969, did Philip Morris fail to adequately warn Bruce Coolidge of the potential risks of smoking?

87280v1

Exhibit 6, Page 23

Yes _____    No _____

If "yes," answer Question No. 14.

If "no," go to Special Verdict No. 4 on the next page

Question No. 14:    Prior to July 1, 1969, were cigarettes used in a way that was reasonably foreseeable to Philip Morris?

Yes _____    No _____

If "yes," answer Question No. 15.

If "no," go to Special Verdict No. 4 on the next page

Question No. 15:    Was Bruce Coolidge harmed?

Yes _____    No _____

If "yes," answer Question No. 16.

If "no," go to Special Verdict No. 4 on the next page

Question No. 16:    Was the lack of a sufficient warning, prior to July 1, 1969, a substantial factor in causing Bruce Coolidge's injury?

Yes _____    No _____

Proceed to Special Verdict No. 4.

872804v1

Exhibit 6, Page 24

## SPECIAL VERDICT NO. 4

(Claim of Fraud by Concealment)

Question No. 17:   Did Philip Morris disclose some facts directly or indirectly to Bruce Coolidge but fail to disclose other important facts, making the disclosure deceptive?

  Yes _____  No _____

If "yes," answer Question No. 18.

If "no," go to Special Verdict No. 5

Question No. 18:   Did Bruce Coolidge know of the concealed fact?

  Yes _____  No _____

If "no," answer Question No. 19.

If "yes," go to Special Verdict No. 5

Question No. 19:   Did Philip Morris intend to deceive Bruce Coolidge by concealing the fact?

  Yes _____  No _____

If "yes," answer Question No. 20.

If "no," go to Special Verdict No. 5

Question No. 20:   Did Bruce Coolidge reasonably rely on Philip Morris' deception?

  Yes _____  No _____

If "yes," answer Question No. 21.

If "no," go to Special Verdict No. 5

Question No. 21:   Was Bruce Coolidge harmed?

  Yes _____  No _____

If "yes," answer Question No. 22.

87280v1

Exhibit 6, Page 25

If "no," go to Special Verdict No. 5 on the next page.

Question No. 22:   Was Philip Morris concealment a substantial factor in causing Bruce Coolidge's harm?

Yes _____   No _____

If "yes," answer Question No. 23.

If "no," go to Special Verdict No. 5 on the next page.

Question No. 23:   Was Bruce Coolidge injured or damaged as a result of Philip Morris' concealment or suppression of the fact?

Yes _____   No _____

Go to Special Verdict No. 5 on the next page.

**Proceed to Special Verdict No. 5**

## SPECIAL VERDICT NO. 5

### (Damages)

If you answered "yes" to <u>either</u> Question 8, Question 16, or Question 23, please answer the following questions.

If you answered all these questions "no", or did not have to answer these questions, stop and do not fill out this verdict or any other verdicts.

Question No. 24:    What do you find to be the total amount of damages, including economic and non-economic damages, if any, suffered by Bruce Coolidge and caused by the wrongful conduct upon which you base your findings of liability?

Answer:

    (a)    Economic Damages:    $_____

    (b)    Non-Economic Damages:    $_____

           Total:    $_____

Proceed to Special Verdict No. 6

## SPECIAL VERDICT NO. 6

(Entitlement to Punitive Damages)

Question No. 25:   Do you find by clear and convincing evidence that Philip Morris committed malice, fraud or oppression in the conduct on which you base your finding of liability?

Yes _____   No _____

## VERDICT FORMS SIGNATURE PAGE

_April 21, 2005_
Date

_[signature]_
Presiding Juror

Smokefree Network Login:[SIGN UP]
your email                            [LOGIN]
Email              Password        (Forgot Password?)

**Tobacco News:** **Lawsuits:** Coolidge
RSS: http://tobacco.org/newsfeed/lawsuit/coolidge.rss

type: Coolidge

### Related Links on Coolidge

Search Term(s):

- http://tobacco.neu.edu/litigation/cases/pressreleases/coolidge1.htm

[Headlines Only] [Top Stories Only]

Coolidge
[1 - 6 of 6]

| Sidebar | Article |
|---|---|
| Home | |
| Headlines | |
| International News | |
| **News Briefs** | |
| Tobacco News | |
| Editions | |
| Categories | |
| USA, by State | |
| non-USA, by Country | |
| Lawsuits | |
| Organizations | |
| Quotes | |
| Subscribe | |
| Ads | |
| Info Pages | |
| Links | |
| Smokefree.net | |

**Search News**

Search for...
10    results per page
[SEARCH]

**Categories**
· Lawsuits
**Lawsuits**
· Coolidge
**Organizations**
· MO

☐ **Jury clears tobacco maker sued by ill former smoker in Riverside**

**Jump to full article:** AP, 2005-04-22
**Author:** The Associated Press

**Intro:**
A jury has cleared Philip Morris USA of liability for the lung cancer developed by a longtime smoker of Malboro cigarettes, rejecting arguments that the tobacco maker's products caused the man's illness.

Jurors deliberated for about two hours before returning their verdict Thursday.

Bruce Coolidge, 51, sued the tobacco giant in 2001 after he was diagnosed with small cell lung cancer. He was seeking to recover more than $1 million in medical costs and other damages.

Jump to full article »

**Categories**
· Lawsuits
**USA, by State**
· California
**Lawsuits**
· Coolidge
**Organizations**
· MO

• ☐ **Jury Rules for Philip Morris**

**Jump to full article:** Los Angeles Times, 2005-04-22
**Author:** Myron Levin, Times Staff Writer

**Intro:**
A Riverside jury Thursday absolved Altria Group Inc.'s Philip Morris USA of responsibility for the lung cancer of a longtime Marlboro smoker, ruling that he hadn't proved that his illness was caused by smoking.

Bruce Coolidge, 51, a former truck driver who lives in Moreno Valley and began smoking at the age of 12, had accused the nation's top cigarette maker of negligence and fraud for distorting the risks and addictiveness of smoking. But the jury never got to the issue of Philip Morris' conduct, instead deciding unanimously that Coolidge had not proved that he suffered from a type of small-cell cancer typically caused by smoking.

The Riverside County Superior Court jury deliberated less than three hours before issuing its verdict and ending a 10-week trial in which Philip Morris had argued that Coolidge suffered from atypical carcinoid cancer, which is not usually associated with smoking.

Coolidge, who attended part of the trial in a motorized wheelchair, could not be reached for comment. But one of his lawyers, Shawn F. Khorrami, said that the verdict was disappointing and that rulings by Judge Roger Luebs to exclude certain evidence had harmed Coolidge's case. Khorrami said no decision had been made on whether to appeal.

In a statement issued by Philip Morris, William S. Ohlemeyer, vice president and associate general counsel, said "the jury came to a prompt decision that was clearly compelled by the evidence they heard."

Jump to full article »

**Categories**
· Lawsuits
**USA, by State**
· California
**Lawsuits**
· Coolidge
**Organizations**
· MO

• ☐ **Company blames smoker**

LAWSUIT: His lawyers say Philip Morris Inc. knew its product was dangerous and addictive.
**Jump to full article:** Riverside (CA) Press-Enterprise, 2005-03-08
**Author:** JOHN WELSH / The Press-Enterprise

**Intro:**

Exhibit 6, Page 30

A 51-year-old Moreno Valley man should have known the dangers of cigarettes while he was a smoker, an attorney for Philip Morris Inc. said Monday in a downtown Riverside courtroom.

One reason is that the man's religious elders warned him smoking is harmful to the body, a human temple, said Walter Cofer, a lead counsel for the tobacco giant.

Former truck driver Bruce Coolidge is suing Philip Morris Inc. for ruining his health. . . .

On Monday, one of Coolidge's attorneys placed old Philip Morris in-house memos on an overhead screen and read portions of the memos, some dating to the mid-1950s that addressed company executives' views about cigarettes' addictiveness. The attorney, Shawn Khorrami of Van Nuys, highlighted certain paragraphs in an effort to show executives knew how harmful their product was to consumers such as his client

If study results show nicotine addiction is on the same levels as caffeine and morphine, "we will want to bury it," Khorrami read from one of the memos.

Jump to full article »

**Categories**
· Lawsuits
**USA, by State**
· California
**Lawsuits**
· Coolidge

● **Tobacco going on trial in first Inland lawsuit**

**Jump to full article:** Riverside (CA) Press-Enterprise, 2005-03-05
**Author:** MIKE KATAOKA / The Press-Enterprise

**Intro:**
Lawyers for Philip Morris USA counted on a timing technicality to short-circuit a Moreno Valley man's lawsuit that blamed his lung cancer on the tobacco giant.

But a Riverside County Superior Court jury kept the case alive.

In the Inland region's first trial of its kind, Bruce Coolidge and his wife, Patricia, will be allowed beginning Monday to present evidence that Marlboro cigarettes ruined his health so the manufacturer, Philip Morris, must pay. . . .

Sir Richard Doll, a British doctor who in the early 1950s first linked smoking to lung cancer, will be among the first witnesses via videotape Monday after opening statements. More than 20 experts are lined up to testify for both sides.

Jump to full article »

**Categories**
· Lawsuits
**USA, by State**
· California
**Lawsuits**
· Coolidge

**Riverside man can sue Philip Morris**

**Jump to full article:** AP, 2005-03-02
**Author:** Associated Press

**Intro:**
A Riverside County judge agreed Wednesday to let a former smoker sue Philip Morris USA, meaning a jury could hear the case as early as next week, the man's lawyer said.

Bruce Coolidge, 53, a former truck driver who began smoking Marlboro cigarettes when he was 12, filed suit against the Richmond, Va.-based tobacco giant in July 2001 after he was treated for small cell lung cancer.

Coolidge is seeking to recover more than $1 million in medical costs, as well as damages for pain and suffering. If he wins, he will seek punitive damages in a subsequent phase of the case, his attorney Timothy Prince said.

Jump to full article »

**Categories**
· Lawsuits
**USA, by State**
· California
**Lawsuits**
· Coolidge
**Organizations**
· MO

● **California Jury Gives Green Light to Product Liability Lawsuit Against Philip Morris**

**Jump to full article:** Tobacco Control Resource Center, 2005-03-01

**Intro:**
A California jury today ruled that a product liability lawsuit filed in July 2001 against tobacco giant Philip Morris on behalf of Bruce Coolidge, a former truck driver who smoked Marlboro

cigarettes from age 12 until his July 2000 diagnosis of small cell lung cancer, can proceed. The jury ruled that the lawsuit, which was filed on July 11, 2001, was filed within the then-operative one-year statute of limitations following the July 17, 2000 diagnosis of lung cancer. From April 2000 until July 17, 2000, Mr. Coolidge's doctors had given him a diagnosis of pneumonia.
. . .

The trial, which began in Riverside, California on February 7, 2005, was bifurcated by the trial judge with the first phase being a ruling on Philip Morris' motion for summary judgment on the grounds that the lawsuit was not filed within the statute of limitations because Mr. Coolidge should have known in April 2000 that his illness was caused by the company's Marlboro cigarettes.

The trial will next proceed to the second phase, in which the jury will consider the company's liability for Mr. Coolidge's illness. . . .

Edward L. Sweda, Jr., Senior Attorney for the Tobacco Products Liability Project (TPLP) at Northeastern University School of law in Boston (see http://tplp.org) was not surprised by Philip Morris' scorched-earth policy of trying to wear down their litigation opponents, including people who, like Bruce Coolidge, are suffering from grave illnesses such as lung cancer. "Tobacco companies have consistently used every means available to them to avoid being held accountable in a court of law for their long history of corporate wrongdoing."

Jump to full article »

Show Selected For Printing

Home | News | Quotes | Subscribe | Info Pages | Printable
News Articles Copyright by their respective owners.
Other material © 1995-2009 Tobacco.org, may be reprinted in non-commercial venues with appropriate attribution.

http://www.tobacco.org/articles/lawsuit/coolidge/

Exhibit 2, Page 32

8/24/2009