EXHIBIT 15

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SACRAMENTO


FILED
FEB - 7 2003
By _____
DEPUTY CLERK

| | |
|---|---|
| LAURENCE LUCIER and LAURIE LUCIER,<br>    Plaintiffs,<br><br>vs.<br><br>PHILIP MORRIS INCORPORATED and<br>R. J. REYNOLDS TOBACCO COMPANY,<br>    Defendants. | Case Number: 02AS01909<br><br>Department: 1<br><br>SPECIAL VERDICT |

We, the Jury in the above-entitled action, find as follows with respect to the Questions submitted to us:

### DEFECTIVE PRODUCT - DEFECT IN DESIGN

As to the Claim of Defective Product - Defect in Design we find for the Plaintiffs LAURENCE LUCIER and LAURIE LUCIER and against the following Defendants:

Answer:   Defendant R. J. REYNOLDS   _____ Yes   ✓ No

         Defendant PHILIP MORRIS   _____ Yes   ✓ No

### DEFECTIVE PRODUCT - FAILURE TO WARN

As to the Claim of Defective Product - Failure to Warn we find for the Plaintiffs LAURENCE LUCIER and LAURIE LUCIER and against the following Defendants:

Answer:   Defendant R. J. REYNOLDS   _____ Yes   ✓ No

         Defendant PHILIP MORRIS   _____ Yes   ✓ No

## NEGLIGENCE

As to the Claim of Negligence we find for the Plaintiffs LAURENCE LUCIER and LAURIE LUCIER and against the following Defendants:

Answer:   Defendant R. J. REYNOLDS   _____   ✓_____
                                      Yes        No

         Defendant PHILIP MORRIS    _____   ✓_____
                                      Yes        No

## BREACH OF WARRANTY

As to the Claim of Breach of Warranty we find for the Plaintiffs LAURENCE LUCIER and LAURIE LUCIER and against the following Defendants:

Answer:   Defendant R. J. REYNOLDS   _____   ✓_____
                                      Yes        No

         Defendant PHILIP MORRIS    _____   ✓_____
                                      Yes        No

## FRAUD BY INTENTIONAL MISREPRESENTATION

As to the Claim of Fraud by Intentional Misrepresentation, we find for the Plaintiffs LAURENCE LUCIER and LAURIE LUCIER and against the following Defendants:

Answer:   Defendant R. J. REYNOLDS   _____   ✓_____
                                      Yes        No

         Defendant PHILIP MORRIS    _____   ✓_____
                                      Yes        No

## FRAUD BY CONCEALMENT

As to the Claim of Fraud by Concealment we find for the Plaintiffs LAURENCE LUCIER and LAURIE LUCIER and against the following Defendants:

Answer:   Defendant R. J. REYNOLDS   _____   ✓_____
                                      Yes         No

          Defendant PHILIP MORRIS    _____   ✓_____
                                      Yes         No

## FRAUD BY FALSE PROMISE

As to the Claim of Fraud by False Promise we find for the Plaintiffs LAURENCE LUCIER and LAURIE LUCIER and against the following Defendants:

Answer:   Defendant R. J. REYNOLDS   _____   ✓_____
                                      Yes         No

          Defendant PHILIP MORRIS    _____   ✓_____
                                      Yes         No

## FRAUD BY NEGLIGENT MISREPRESENTATION

As to the Claim of Fraud by Negligent Misrepresentation we find for the Plaintiffs LAURENCE LUCIER and LAURIE LUCIER and against the following Defendants:

Answer:   Defendant R. J. REYNOLDS   _____   ✓_____
                                      Yes         No

          Defendant PHILIP MORRIS    _____   ✓_____
                                      Yes         No

## COMPENSATORY DAMAGES

If you found for the Plaintiffs and against either or both Defendants on one or more claims, what do you find to be the total amount of damages, including economic and non-economic damages, if any, that was suffered by the Plaintiffs and that was caused by conduct on which you have based your finding of liability?

Answer:     Plaintiff LAURENCE LUCIER

    Economic Damages  $ _____

   Non-Economic Damages  $ _____

       TOTAL  $ _____

Answer:     Plaintiff LAURIE LUCIER

   Non-Economic Damages  $ _____

       TOTAL  $ _____

## SPECIAL FINDING - FRAUD, MALICE OR OPPRESSION

If the jury found liability on one or more claims as to one or more Defendants, answer the following Questions as to the Defendant(s) you found liable.

Do you find by clear and convincing evidence that the Defendant(s) committed fraud, malice or oppression in the conduct on which you base your finding of liability?

Answer:     Defendant R. J. REYNOLDS    _____ Yes    _____ No

    Defendant PHILIP MORRIS    _____ Yes    _____ No

If you answer "yes" to the preceding Question as to one or more Defendants, on which of the following claim(s) did you find that there was fraud, malice or oppression?

Answer:     Defendant R. J. REYNOLDS
            Defective Product – Defect in Design

            _____Yes_____          _____No_____

            Defective Product - Failure to Warn

            _____Yes_____          _____No_____

            Negligence

            _____Yes_____          _____No_____

            Breach of Warranty

            _____Yes_____          _____No_____

            Fraud by Intentional Misrepresentation

            _____Yes_____          _____No_____

            Fraud by Concealment

            _____Yes_____          _____No_____

            Fraud by False Promise

            _____Yes_____          _____No_____

Answer:     Defendant PHILIP MORRIS
            Defective Product – Defect in Design

            _____Yes_____          _____No_____

            Defective Product – Failure to Warn

            _____Yes_____          _____No_____

            Negligence

            _____Yes_____          _____No_____

**Breach of Warranty**

_____   _____
        Yes                    No

**Fraud by Intentional Misrepresentation**

_____   _____
        Yes                    No

**Fraud by Concealment**

_____   _____
        Yes                    No

**Fraud by False Promise**

_____   _____
        Yes                    No


Dated: 2/7/03                          _____
                                         Foreperson



# THE DATA COMPANY

**Full-Service Litigation Support**

Trial Support Services | Courtroom Graphics & Media | Document Management | Video Services

Contact Us
News
FAQ

DATA LAWYER **Login**

## News

**The Data Company provides trial support in $500 Million patent case**
MEMPHIS, TN - October 29, 2004 - A Memphis jury recently awarded over $400 million in punitive damages to Dr. Gary Michelson. Dr. Michelson, a respected surgeon and inventor, filed a claim against Medtronic Sofamor Danek, a subsidiary of Medtronic Inc., for allegedly infringing on several Michelson patents...<< read more>>

**The Data Company Helps IBM Win Its Employee Suit in Santa Clara, CA**
A California jury in February 2004 cleared IBM of liability in a lawsuit by two former workers who said their exposure to chemicals in a computer disk drive factory made them sick and ultimately gave them cancer, IBM spokesman Chris Andrews said...<<read more>>

**Landmark Settlement in DVD Technology Copyright Suit**
In one of the largest copyright litigation settlements ever paid, in June 2003 MediaTek Inc. agreed to pay ESS Technology Inc. up to $90 million, composed of a one-time license fee plus future royalties. <<read more>>

**Microtune Victorious in Patent Infringement Trial**
A federal jury in Sherman, Texas, has found in favor of Microtune, Inc. in its patent infringement dispute against Broadcom Corporation. <<read more>>

**California Jury Verdict Reverses Trend**
The top two U.S. tobacco companies, Philip Morris and R.J. Reynolds, won a major victory on February 7, 2003 when a jury found that they were not responsible for a Sacramento man developing cancer after smoking for nearly 40 years. <<read more>>

**Directed Verdict in Conley Case**
The top two U.S. cigarette makers won a directed verdict recently in federal district court in California. <<read more>>

**You've Put Us in the *Inc 500***
The Data Company is pleased to announce its selection to the exclusive *Inc 500* list for 2002, coming in at number 152. <<read more>>

▲ back to top

---

**The Data Company provides trial support in $500 Million patent case**

MEMPHIS, TN - October 29, 2004 - A Memphis jury recently awarded over $400 million in punitive damages to Dr. Gary Michelson. Dr. Michelson, a respected surgeon and inventor, filed a claim against Medtronic Sofamor Danek, a subsidiary of Medtronic Inc., for allegedly infringing on several Michelson patents. Dr. Michelson currently holds over 200 U.S. patents and 450 foreign patents, most are specifically related to spinal fusion, surgical implants, and

Exhibit _15_, Page _103_

developing in 1996 and launched as the MicroTuner single-chip tuner in January 1999. As a low-cost tuner-on-chip, the MicroTuner tuner offered a miniature, universal solution for the high-speed delivery of video, voice and data across broadband communications electronics, including cable modems, set-top boxes, digital TVs, cable telephony systems and PC/TVs.

"This decision is a clear and convincing signal from the jury that they understood our case, and establishes that Microtune's patent covers fundamental technology derived from the world's first highly integrated television tuner," said **Alan Albright**, a partner in Gray Cary's Austin office. Albright and **John Allcock**, a partner in Gray Cary's San Diego office, led a team of Gray Cary attorneys who represented Microtune.

**The Data Company** provided litigation support services to Microtune both before and during the trial, including document scanning, exhibit creation, war room setup and staffing, and courtroom presentation.

back to top

California Jury Verdict Reverses Trend
The top two U.S. tobacco companies, Philip Morris and R.J. Reynolds, won a major victory on February 7, 2003 when a jury found that they were not responsible for a Sacramento man developing cancer after smoking for nearly 40 years. **The Data Company** provided defendants with a full range of litigation support services.

n *Lucier v. R.J. Reynolds et al*, plaintiff Larry Lucier charged the defendants with deceiving the public about the health risks of cigarettes and targeting minors as part of their decades-long campaign. The defendants argued that Lucier knew of the government health warnings on cigarette packs but never took them seriously.

In announcing their verdict, the jury in Sacramento agreed with the defendants that there was ample evidence that the plaintiff had long been aware of the potential health risks of smoking, and that he voluntarily assumed those risks in choosing to begin and continue smoking.

During the lengthy trial, the companies showed that there was no evidence that at any time during Mr. Lucier's smoking history, there was any feasible, safer, alternative cigarette design that would have been used by him and that would have prevented his cancer. The companies also proved that the plaintiffs could not show that Mr. Lucier relied on any statement made by the companies in choosing to start or continue smoking.

Before and during a Sacramento, California trial that exceeded three months, **The Data Company** provided defendants with an extensive range of services – document scanning, video depositions, creative services, demonstrative exhibit production, a fully equipped and staffed war room, and courtroom presentation. We were pleased to work on this case with both **Ted Grossman** of **Jones Day Reavis & Pogue** and **Gerald Barron** of **Shook Hardy & Bacon**.

The favorable verdict in the *Lucier* trial was the first by a jury since the California Legislature in 1998 lifted a 10-year ban on smoker suits in the state.

back to top

Exhibit 15, Page 104

Smokefree Network Login:[SIGN UP]

your email
Email                    Password        [LOGIN]    (Forgot Password?)

Home    Collections    Profiles    More    Recent Searches    Jump to: CHOOSE A COLLECTION:

People
Organizations
Operations
Case
Additives
Hypothesis
Demographics
Design Components
Smoke Constituents

## Lucier v. Philip Morris Inc.

(Personal Injury CA Superior Ct. 2000 Industry Verdict)

This individual personal injury suit was brought by Laurence and Laurie Lucier against Philip Morris and R.J. Reynolds on June 2, 2000.
The plaintiffs alleged that Mr. Lucier, 52, developed lung cancer as a result of smoking cigarettes. Mr. Lucier was diagnosed with lung cancer in 1999, but has been in remission since June, 2001. He smoked Winston cigarettes from 1961-1966, when he switched to Marlboro Reds. He was not able to stop smoking because he was addicted to the defendants' cigarettes. The plaintiffs claimed negligence, strict liability, false representation, deceit, fraudulent concealment, breach of express warranty, and loss of consortium. The plaintiffs sought compensatory and punitive damages.
The defendants argued that the plaintiff's claims were preempted by the Federal Cigarette Labeling and Advertising Act, and that the plaintiff assumed the risk. The case was filed in San Francisco. After a change of venue motion by the defendants in 2001, the case was heard in the Superior Court of the State of California in and for the County of Sacramento before the Honorable Steven H. Rodda. The jury reached a verdict for the defendants on February 7, 2003. No appeals were sought.

### Synonyms

Lucier v. Philip Morris
Lucier v. Philip Morris Inc.

Home | Collections | Profiles | Other Resources
© 1999-2009 Tobacco Documents Online

Exhibit 5, Page 105