# EXHIBIT 21

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION NO. 97-4678-CI-11

ROBERT TUNE,
    Plaintiff,

v.

PHILIP MORRIS INCORPORATED,
a foreign corporation,
    Defendant.

FILED
MAY 2 4 2002
KARLEEN F. De BLAKER
CLERK CIRCUIT COURT
[signature] Deputy Clerk

## VERDICT

We, the jury, return the following verdict:

1.a. Was there negligence on the part of Defendant Philip Morris Incorporated, for not providing adequate warnings to Robert Tune prior to July 1, 1969, which was a legal cause of loss, injury or damage to Plaintiff Robert Tune?

    Yes _____        No __X__

1.b. Was there negligence on the part of Defendant Philip Morris Incorporated for failing to exercise reasonable care in the design of its products, which was a legal cause of loss, injury or damage to Plaintiff Robert Tune?

    Yes _____        No __X__

2.a. Were the Marlboro cigarettes manufactured by Defendant Philip Morris Incorporated defective for not providing adequate warnings to Robert Tune prior to July 1, 1969, which was a legal cause of loss, injury or damage to Plaintiff Robert Tune?

    Yes _____        No __X__

2.b. Were the Marlboro cigarettes manufactured by Defendant Philip Morris Incorporated defectively designed as a result of a failure to perform as an ordinary consumer would have expected, which was a legal cause of loss, injury or damage to Plaintiff Robert Tune?

    Yes _____        No __X__

2.c. Were the Marlboro cigarettes manufactured by Defendant Philip Morris Incorporated defectively designed as a result of the risk of danger in their design outweighing the benefits, which was a legal cause of loss, injury or damage to Plaintiff Robert Tune?

    Yes _____        No __X__

Exhibit 21, Page 222

3.a. Did Philip Morris Incorporated with other cigarette companies participate in a conspiracy and based upon the conspiracy fraudulently misrepresent material facts regarding the effect of cigarettes upon health, which was a legal cause of loss, injury or damage to Plaintiff Robert Tune?

**Yes** _____   **No** __X__

3.b. Did Philip Morris Incorporated with other cigarette companies participate in a conspiracy and based upon the conspiracy fraudulently conceal material facts regarding the effect of cigarettes upon health, which was a legal cause of loss, injury or damage to Robert Tune?

**Yes** _____   **No** __X__

If your answers to all of the above are "No", your verdict is for Defendant Philip Morris Incorporated and you should proceed no further except to sign and date your verdict and return it to the courtroom. If you answered "Yes" to any of the questions 1.a., 1.b., 2.a., 2.b., 2.c., 3.a. or 3.b. please answer all the remaining questions on this Verdict Form.

4. What is the amount of any damages sustained by Plaintiff Robert Tune for medical expenses in the past and medical expenses to be sustained in future years?

$_____

5. What is the amount of any damages sustained by Plaintiff Robert Tune for pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, aggravation of a disease or physical defect or loss of capacity for the enjoyment of life in the past and to be sustained in the future?

$_____

6. Under the circumstances in this case, state whether punitive damages are warranted against Defendant Philip Morris Incorporated?

**Yes** _____   **No** _____

SO SAY WE ALL THIS _24_ day of __MAY__, 2002.

_____
Foreperson DOUGLAS W. DILLON

Exhibit _21_, Page _123_

Smokefree Network Login:[SIGN UP]
your email        LOGIN
Email    Password    (Forgot Password?)

Home   Collections   Profiles   More   Recent Searches   Jump to: CHOOSE A COLLECTION:

People
Organizations
Operations
Case
Additives
Hypothesis
Demographics
Design Components
Smoke Constituents

# Tune v. Philip Morris Inc.

(Personal Injury FL 6th Cir. Ct. 1997 Def. Verdict)

This individual personal injury suit was brought by Robert M. Tune against Philip Morris on July 9, 1997.
The plaintiff alleged that his injuries were latent illnesses discovered after and because of many years of exposure to cigarette smoking. He began smoking in 1943 and continued except for three years of military service until mid-July, 1994. He quit following a surgery to treat laryngeal cancer. In August 1998, he had another surgery for a separate cancer of the lung. The plaintiff claimed negligence, strict liability, defective design, failure to warn, misrepresentation, and conspiracy to commit actual and constructive fraud.
The defendant argued that Robert M. Tune's lung cancer was bronchioloalveolar carcinoma (BAC) and therefore not proven to be caused by smoking. The defendant also argued that Tune's throat cancer was caused by esophegeal reflux and alchohol use.
The case was heard in the Circuit Court of the Six Judicial Circuit in and for Pinellas County, Florida (Circuit Civil No. 97-4678-CI-13), before the Honorable Anthony Rondolino. On March 4, 1998, the judge dismissed the plaintiff's conspiracy to commit constructive fraud claim. The plaintiff sufficiently pled that a fiduciary relationship existed by alleging addiction, but failed to indicate whether the defendant acted after the beginning of that addiction to advise or counsel the plaintiff. The judge granted the plaintiff 20 days to amend the pleadings.
On February 10, 1999, the judge granted the defendant's motion for summary final judgment. He determined that the proper law to apply to the suit was New Jersey's. The plaintiff had smoked for 44 years in New Jersey, but only four and a half in Florida. New Jersey only had a two year statute of limitation counted from the date of reasonable discovery. Except as to lung cancer, the plaintiffs claims fell outside of this time frame, and were therefore barred. Also, the health risks of smoking were commonly known, so the defendant was not liable for such risks. The judge issued final judgment in favor of the defendants. The plaintiff appealed.
The Circuit Court for the Sixth Judicial Circuit in and for Pinellas County affirmed the verdict on September 24, 2002.

Home | Collections | Profiles | Other Resources
© 1999-2009 Tobacco Documents Online

Exhibit 21, Page 124