EXHIBIT 23

Privileged and Confidential
Attorney Work Product
Attorney-Client Communication

**BLANKENSHIP II TRIAL REPORT NO. 30**

November 14, 2001

| | |
|---|---|
| IN RE TOBACCO LITIGATION,<br><br>(MEDICAL MONITORING CASES) | In the Circuit Court of<br>Ohio County, West Virginia<br><br>CIVIL ACTION NO. 00-C-6000<br><br>(Judge Arthur M. Recht) |
| | Reporters:   Michael A. Trunk<br>Tracey R. Gainor<br>Dechert Price & Rhoads |

**I.   Executive Summary:**

The jury returned a **DEFENSE VERDICT** at 1:52 p.m. The Defendants won on both the conduct and the medical monitoring counts. The jury's verdict form is attached.

**II.   The Verdict:**

The jury found as follows:

- Cigarettes are <u>not defective</u> in the sense of being unreasonably safe for their intended use.

- The Defendants were <u>not negligent</u> in the design, manufacture and sale of their cigarettes.

- The Defendants <u>did not fail to live up to Frank Statement undertakings</u>.

- Class members with a five-pack-year smoking history <u>are at an increased risk</u> of contracting lung cancer, and COPD or emphysema.

- The increased risk of contracting lung cancer or COPD <u>does not make it reasonably necessary</u> for all class members to receive medical monitoring.

- A single, annual spiral CT scan and biannual spirometry, each standing alone, makes the early detection of lung cancer and COPD or emphysema possible.

- The Defendants did not engage in willful, wanton or reckless conduct in the design, manufacture or sale of their cigarettes.

The Court thereafter discharged the jurors and informed them that they are free, but not required, to speak with counsel.

IN THE CIRCUIT COURT OF OHIO COUNTY, WEST VIRGINIA

IN RE: TOBACCO LITIGATION :
(MEDICAL MONITORING CASES):   CIVIL ACTION NO. 00-C-6000

## JURY INTERROGATORIES AND VERDICT FORM

Issue 1 (Significant Exposure) and 2, (Proven Hazardous Substance) have been decided by the Court as a matter of law. You are to proceed directly to Issue 3.

3.  Tortious Conduct.

   a.   Product Defect:

Are the cigarettes which were manufactured, designed and sold by the defendant Tobacco Companies defective, in the sense of being not reasonably safe for their intended use?

_____ Yes       X   No

1

Exhibit 23, Page 132

4.  Increased Risk.

   a. As a proximate result of the exposure, do all class members have an increased risk of contracting lung cancer?

   __X__ YES   _____ NO

   b. As a proximate result of the exposure, do all class members have an increased risk of contracting COPD or emphysema?

   __X__ YES   _____ NO

5.  Necessity of Diagnostic Testing.

   a. If you checked "yes" on 4(a) does the increased risk of lung cancer, make it reasonably necessary for all class members to undergo periodic diagnostic medical examinations different from what would be prescribed in the absence of exposure?

   _____ Yes   __X__ No

   b. If you checked "yes" to 4(b), does the increased risk of COPD or emphysema make it reasonably necessary for all class members to undergo periodic diagnostic medical examinations different from what would be prescribed in the absence of exposure?

   _____ Yes   __X__ No

3

Exhibit 23, Page 133

6. Existence of Monitoring Procedures.

    a. Does a single, annual spiral CT scan, standing alone, make early detection of lung cancer possible?

    _X_ Yes      ___ No

    b. Does spirometry, standing alone, make early detection of chronic obstructive lung disease or emphysema possible?

    _X_ Yes      ___ No

7. Willful, wanton and reckless conduct

Did any of the defendant Tobacco Companies engage in willful, wanton, and reckless conduct in the design, manufacture, and sale of their cigarettes.

| | | |
|---|---|---|
| Philip Morris | _____ YES | __X__ NO |
| R.J. Reynolds | _____ YES | __X__ NO |
| Brown & Williamson | _____ YES | __X__ NO |
| Lorillard | _____ YES | __X__ NO |

Please sign and date this form and notify the Court that you have completed your deliberations.

__11/14/05__  /s/ _Mark A Byrne_
DATE            FOREPERSON

Exhibit 23, Page 135