# EXHIBIT 24

FILED

DOWD, J.

01 OCT -5 PM 1:41    Verdict Form 2

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
AKRON

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Jocelyn Tompkin, Administratrix, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 5:94 CV 1302 |
| | ) | |
| vs. | ) | **VERDICT** |
| | ) | |
| The American Tobacco Company, et al., | ) | (For all defendants against plaintiff) |
| | ) | |
| Defendants. | ) | |

We the jury, having been duly impaneled and sworn, do hereby find in favor of all of the defendants against the plaintiff, Jocelyn Tompkin.

_[signatures]_

Foreperson

_[signatures]_
10.5.01
Date

Exhibit 24, Page 136

Smokefree Network Login:[SIGN UP]
your email | | LOGIN
Email | Password | (Forgot Password?)

Home   Collections   Profiles   More   Recent Searches          Jump to: CHOOSE A COLLECTION:

People
Organizations
Operations
Case
Additives
Hypothesis
Demographics
Design Components
Smoke Constituents

# Tompkin v. American Brands Inc.

(Personal Injury US Dist. Ct. N. OH 1994 Industry Verdict) *Citation: 219 F.3d 566 (24 Jul 2000) 2004 Fed App 0091P (CA 6, ND Ohio, 30 March 2004)*

This individual personal injury suit was brought by Jocelyn Tompkin, individually and as Administratrix of the Estate of David Tompkin, against American Brands, American Tobacco Co., Liggett, Lorillard, and Philip Morris on June 24, 1994.
The plaintiff alleged that David Tompkin's lung cancer was the result of defectively designed cigarettes together with asbestos, which have a synergistic relationship. David Tompkin smoked from 1950 until 1965, ranging from 1/2 to 3 packs a day. He was diagnosed with lung cancer in 1992. He died on February 12, 1996, at which time his wife continued the action. The plaintiff claimed strict products liability, negligence, willful and wanton misconduct, fraud and misrepresentation, breach of express and implied warranty, conspiracy, wrongful death and loss of consortium.
The defendants asserted a common knowledge defense and a proximate cause argument. They asserted that David Tompkin had been exposed to other carcinogens that could have caused his cancer instead of smoking.
The case was heard in the District Court of the United States for the Northern District of Ohio, Eastern Division (Civil Action Number 5:94CV1302) before the Honorable David D. Dowd, Jr. The judge (10 F.Supp.2d 895) granted summary judgment for the defendants on August 3, 1998. He found that because the dangers of smoking were common knowledge, there was no actionable strict liability claim under the state statute. The defect, failure to warn and strict liability misrepresentation claims were barred by the state statute. He ruleed the plaintiff had failed to establish reliance on the fraud and conspiracy claims. The plaintiff appealed.
The United States Court of Appeals for the Sixth Circuit (219 F.3d 566) affirmed in part, reversed in part, and remanded for further proceedings on July 24, 2000. The appeal was heard by Judges Nathaniel R. Jones, Judge Clay and David A. Nelson. The court found that questions of fact on design defect and failure to warn claims prevented summary judgement. The negligence and wanton misconduct claims were preempted by the state product liability act. The state's common law reconized independant breach of implied warranty actions.
Following a two week trial, the jury returned a verdict for the defense on October 5, 2001. Both sides appealed.
The United States Court of Appeals for the Sixth Circuit (2004 Fed App 0091P) affirmed the judgment on March 30, 2004. The case was heard by Circuit Judges Suhrheinrich, Cole and Rogers. The plaintiff appealed on a number of issues, but failed to show prejudicial harm on any of them. While the court found errors, all of them were deemed harmless and no new trial was ordered.