# EXHIBIT 27

COURT EXH. #24 (1/11/01)

DAWN APOSTOLOU, AS THE ADMINISTRATRIX OF THE ESTATE OF BONNIE APOSTOLOU, and DAWN APOSTOLOU, INDIVIDUALLY,

v.

THE AMERICAN TOBACCO COMPANY, LORILLARD TOBACCO CO, PHILIP MORRIS INC, R.J. REYNOLDS TOBACCO CO, LIGGETT GROUP, INC., BROWN & WILLIAMSON TOBACCO CORP, THE TOBACCO INSTITUTE INC. & THE COUNCIL FOR TOBACCO RESEARCH-USA, INC.

INDEX NO. 34734/2000

## VERDICT SHEET

FIVE OUT OF SIX JURORS MUST AGREE IN ORDER FOR THERE TO BE A VERDICT AS TO EACH QUESTION. IT IS NOT NECESSARY FOR THE SAME FIVE JURORS TO AGREE ON EACH QUESTION. HOWEVER, FIVE OUT OF SIX MUST AGREE IN ORDER TO REACH A CONCLUSION AS TO EACH QUESTION.

WE THE UNDERSIGNED JURORS DULY SWORN TO TRY THE PENDING ACTION, SAY WE FIND THE FOLLOWING ANSWERS TO THE QUESTIONS SUBMITTED BY THE COURT:

### FRAUDULENT CONCEALMENT

1. FROM THE ONSET OF SMOKING UNTIL JULY 1, 1969, DID THE PLAINTIFF ESTABLISH BY CLEAR AND CONVINCING EVIDENCE THAT PHILIP MORRIS FRAUDULENTLY CONCEALED A MATERIAL FACT ABOUT SMOKING FROM THE PLAINTIFF BONNIE APOSTOLOU, AND THE PLAINTIFF, IN CONTINUING TO SMOKE, JUSTIFIABLY RELIED UPON PHILLIP MORRIS FOR INFORMATION ABOUT THE HEALTH HAZARDS OF SMOKING, AND THE FRAUDULENT CONCEALMENT CONSTITUTED A SUBSTANTIAL FACTOR IN THE CAUSE OF PLAINTIFF'S LUNG CANCER?

YES _____  NO ⓧ

AT LEAST FIVE OF THE JURORS MUST SIGN BELOW:

_[signatures]_

IF YOU HAVE INDICATED NO AS TO THIS QUESTION, GO TO QUESTION 3. IF YOU HAVE INDICATED A YES AS TO THIS QUESTION, GO TO QUESTION 2.

Exhibit 27, Page 146

1

## CONSPIRACY TO FRAUDULENTLY CONCEAL

2. FROM THE ONSET OF SMOKING UNTIL JULY 1, 1969 DID THE PLAINTIFF ESTABLISH BY CLEAR AND CONVINCING EVIDENCE THAT ONE OR MORE OF THE DEFENDANTS CONSPIRED WITH PHILIP MORRIS TO FRAUDULENTLY CONCEAL A MATERIAL FACT ABOUT SMOKING FROM THE PLAINTIFF BONNIE APOSTOLOU, WHICH CONSPIRACY CONSTITUTED A SUBSTANTIAL FACTOR IN THE CAUSE OF PLAINTIFF'S LUNG CANCER?

ANSWER YES OR NO AS TO EACH DEFENDANT:

| | YES | NO |
|---|---|---|
| LORILLARD TOBACCO CO. | YES | NO |
| RJ REYNOLDS TOBACCO CO. | YES | NO |
| LIGGETT GROUP, INC. | YES | NO |
| BROWN & WILLIAMSON | YES | NO |
| THE COUNCIL FOR TOBACCO RESEARCH USA, INC. | YES | NO |
| THE TOBACCO INSTITUTE INC. | YES | NO |

AT LEAST FIVE OF THE JURORS MUST SIGN BELOW:

_____   _____
_____   _____
_____   _____

GO ON TO QUESTION 3.

Exhibit 27, Page 147

## PRIMARY ASSUMPTION OF THE RISK

3. DID PHILLIP MORRIS MEET ITS BURDEN OF PROVING BY A PREPONDERANCE OF THE EVIDENCE THAT ON OR BEFORE JULY 1, 1969, PHILLIP MORRIS OR ANOTHER EXPRESSLY WARNED THE PLAINTIFF ABOUT THE HEALTH HAZARDS OF SMOKING?

(YES)     NO

AT LEAST FIVE OF THE JURORS MUST SIGN BELOW:

_[signatures]_

IF YOUR ANSWER TO THIS QUESTION IS YES DO NOT GO ON TO CONSIDER QUESTIONS 4, 5, AND 6 BUT CONTINUE WITH QUESTION 7. IF YOUR ANSWER TO THIS QUESTION IS NO, GO ON TO QUESTION 4.

## WILLFUL FAILURE TO WARN

4.  ON OR BEFORE JULY 1, 1969 DID THE PLAINTIFF ESTABLISH BY CLEAR AND CONVINCING EVIDENCE THAT PHILIP MORRIS WILLFULLY FAILED TO ADEQUATELY WARN THE PLAINTIFF OF THE <u>HEALTH HAZARDS</u> OF SMOKING AND WAS SUCH FAILURE A SUBSTANTIAL FACTOR IN CAUSING PLAINTIFF'S LUNG CANCER?

<u>YES</u>     <u>NO</u>

AT LEAST FIVE OF THE JURORS MUST SIGN BELOW:

_____     _____
_____     _____
_____     _____

IF YOU HAVE INDICATED NO, GO ON TO QUESTION 6; IF YOUR ANSWER IS YES, CONTINUE ON TO QUESTION 5.

Exhibit 27, Page 147

## CONSPIRACY TO WILLFULLY FAIL TO WARN

5. ON OR BEFORE JULY 1, 1969 DID THE PLAINTIFF ESTABLISH BY CLEAR AND CONVINCING EVIDENCE THAT ANY OF THE DEFENDANTS LISTED BELOW CONSPIRED WITH PHILIP MORRIS TO WILLFULLY FAIL TO ADEQUATELY WARN PLAINTIFF OF THE HEALTH HAZARDS OF SMOKING AND WAS SUCH CONSPIRACY A SUBSTANTIAL FACTOR IN CAUSING PLAINTIFF'S LUNG CANCER?

   ANSWER YES OR NO AS TO EACH DEFENDANT:

   | | | |
   |---|---|---|
   | LORILLARD TOBACCO CO. | YES | NO |
   | RJ REYNOLDS TOBACCO CO. | YES | NO |
   | LIGGETT GROUP, INC. | YES | NO |
   | BROWN & WILLIAMSON | YES | NO |
   | THE COUNCIL FOR TOBACCO RESEARCH USA, INC. | YES | NO |
   | THE TOBACCO INSTITUTE INC. | YES | NO |

AT LEAST FIVE OF THE JURORS MUST SIGN BELOW:

_____        _____
_____        _____
_____

GO ON TO QUESTION 6.

Exhibit 27, Page 150

## NEGLIGENT FAILURE TO WARN

6. ON OR BEFORE JULY 1, 1969 DID PLAINTIFF PROVE BY A PREPONDERANCE OF THE EVIDENCE THAT PHILIP MORRIS NEGLIGENTLY FAILED TO ADEQUATELY WARN THE PLAINTIFF OF THE HEALTH HAZARDS OF SMOKING AND WAS SUCH FAILURE A SUBSTANTIAL FACTOR IN CAUSING PLAINTIFF'S LUNG CANCER? DO NOT CONSIDER THIS CHARGE AGAINST PHILIP MORRIS IF YOU ANSWERED "YES" TO QUESTION 3.

<u>YES</u>      <u>NO</u>

AT LEAST FIVE OF THE JURORS MUST SIGN BELOW:

_____      _____
_____      _____
_____      _____

GO ON TO QUESTION 7.

## NEGLIGENT DESIGN OR TESTING: ONSET OF SMOKING TO 1995

7. DURING THE PERIOD BETWEEN THE ONSET OF SMOKING AND 1995, FOR THOSE YEAR(S) THAT THE PLAINTIFF SMOKED THE BRAND OF CIGARETTES MANUFACTURED BY THE DEFENDANT YOU ARE CONSIDERING, DID PLAINTIFF ESTABLISH BY A PREPONDERANCE OF THE EVIDENCE THAT THE DEFENDANT YOU ARE CONSIDERING WAS NEGLIGENT IN THAT THE DEFENDANT FAILED TO EXERCISE CARE IN DESIGNING OR TESTING ITS PRODUCT AND WAS SUCH NEGLIGENCE A SUBSTANTIAL FACTOR IN THE CAUSE OF PLAINTIFF'S LUNG CANCER?

ANSWER YES OR NO AS TO EACH DEFENDANT:

| Defendant | Yes | No |
|---|---|---|
| LORILLARD TOBACCO CO. | YES | **NO** |
| PHILIP MORRIS INCORPORATED | YES | **NO** |

AT LEAST FIVE OF THE JURORS MUST SIGN BELOW:

_[signatures]_

GO ON TO QUESTION 8.

Exhibit 27, Page 152

7

1/11/01

## STRICT PRODUCTS LIABILITY - DEFECTIVE DESIGN: ONSET OF SMOKING TO 1995

8. FROM THE ONSET OF SMOKING UNTIL 1995, FOR THOSE YEAR(S) THAT THE PLAINTIFF SMOKED THE BRAND OF CIGARETTES MANUFACTURED BY THE DEFENDANT YOU ARE CONSIDERING, DID THE PLAINTIFF ESTABLISH BY A PREPONDERANCE OF THE EVIDENCE THAT THE PRODUCT MADE BY THE DEFENDANT YOU ARE CONSIDERING WAS DEFECTIVELY DESIGNED AND THAT SUCH FAILURE IN DESIGNING THE PRODUCT WAS A SUBSTANTIAL FACTOR IN THE CAUSE OF PLAINTIFF'S LUNG CANCER?

ANSWER YES OR NO AS TO EACH DEFENDANT:

| Defendant | YES | NO |
|---|---|---|
| PHILIP MORRIS INCORPORATED | YES | **NO** |
| LORILLARD TOBACCO CO. | YES | **NO** |

AT LEAST FIVE OF THE JURORS MUST SIGN BELOW:

[signatures]

GO ON TO QUESTION 9.

Exhibit 27, Page 153

9. IF YOU HAVE FOUND THAT CONDUCT ATTRIBUTABLE TO THE DEFENDANTS WAS A SUBSTANTIAL FACTOR IN BRINGING ABOUT THE PLAINTIFF'S INJURIES, SET FORTH THE ALLOCATION BETWEEN THE DEFENDANTS FOR BOTH INTENTIONAL AND NON INTENTIONAL ACTS SEPARATELY.

NEGLIGENT/STRICT PRODUCTS LIABILITY:
PHILIP MORRIS INCORPORATED _____ %
LORILLARD TOBACCO CO. _____ %

FRAUDULENT CONCEALMENT/WILLFUL FAILURE TO WARN AND CONSPIRACY TO COMMIT SAME:
PHILIP MORRIS INCORPORATED _____ %
LORILLARD TOBACCO CO. _____ %
BROWN & WILLIAMSON _____ %
RJ REYNOLDS TOBACCO CO. _____ %
LIGGETT GROUP, INC. _____ %
THE COUNCIL FOR TOBACCO RESEARCH USA, INC. _____ %
THE TOBACCO INSTITUTE INC. _____ %

THE SUM SHOULD ADD UP TO 100%

AT LEAST FIVE OF THE JURORS MUST SIGN BELOW:

[signatures]

IF YOUR ANSWER TO THE ABOVE ITEM IS "0", YOU WILL INSERT THE WORD "0" AS TO THAT ITEM.

Exhibit 27, Page 154

9

10. DID THE DEFENDANTS ESTABLISH BY A PREPONDERANCE OF THE EVIDENCE THAT PLAINTIFF WAS NEGLIGENT AND IF SO WAS SUCH NEGLIGENCE A SUBSTANTIAL FACTOR IN THE CAUSE OF HER INJURIES WITH RESPECT TO THE PRODUCTS LIABILITY AND NEGLIGENCE CLAIMS?

(YES)    NO

AT LEAST FIVE OF THE JURORS MUST SIGN BELOW:

_[signatures]_

IF YOUR ANSWER TO QUESTION 10 IS NO, CONTINUE WITH QUESTION 12; IF YOUR ANSWER TO QUESTION 10 IS YES, GO ON TO QUESTION 11.

11. SET FORTH THE PERCENTAGE OF PLAINTIFF'S INJURIES ATTRIBUTABLE TO PLAINTIFF'S NEGLIGENCE WITH RESPECT TO THE PRODUCTS LIABILITY AND NEGLIGENCE CLAIMS.

__95__ %

AT LEAST FIVE OF THE JURORS MUST SIGN BELOW:

_[signatures]_

IF YOUR ANSWER TO THE ABOVE ITEM IS "0", YOU WILL INSERT THE WORD "0" AS TO THAT ITEM.

## COMPENSATORY DAMAGES

12. OUR VERDICT IS FOR THE PLAINTIFF FOR PAIN AND SUFFERING TO THE DATE OF HER DEATH IN THE AMOUNT OF $ ~~~~~ NONE

AT LEAST FIVE OF THE JURORS MUST SIGN BELOW:

_[signatures]_

IF YOUR ANSWER IS "NONE" AS TO THE ABOVE QUESTION, YOU WILL INSERT THE WORD "NONE".

Exhibit 27, Page 156

**_Media Backgrounder:_**
**Defense Verdict in Apostolou Trial in Brooklyn, NY**

January 16, 2001

**Contact:**
Edward L. Sweda, Jr.
617-373-2026

**Case Name:**

DAWN APOSTOLOU-MOUSA as the Administratrix of
the Estate of BONNIE APOSTOLOU,
Plaintiffs,

vs.

THE AMERICAN TOBACCO COMPANY, et al.,
Defendants.

SUPREME COURT OF NEW YORK
KINGS COUNTY
Index No. 34734/00

**Case Background:**

The plaintiff, Dawn Apostolou-Mousa, is the administratrix of the estate of her mother, Bonnie Apostolou. The defendants are the major cigarette manufacturers: Philip Morris Inc., R.J. Reynolds Tobacco Co., Lorillard Tobacco Co., Brwon & Williamson Tobacco Corp. and the Liggett Group, Inc. Two other defendants are the Council for Tobacco Research and the Tobacco Institute.
The trial took place in the New York Supreme Court (a trial court), Kings County, Brooklyn, New York. The trial judge was Herbert Kramer, who also presided over the *Andderson* trial last summer in which the jury rejected the claims of a lung cancer survivor against several tobacco industry defendants.
In this trial, the plaintiff's causes of action included: 1) failure to warn prior to 1969; 2) fraud and deceit; 3) negligent misrepresentation; 4) negligent and defective design; 5) strict product liability; 6) breach of express warranty; 7) breach of implied warranty; and 8) breach of implied warranty of fitness for a particular purpose. The plaintiff also alleges that the defendants engaged in a conspiracy and asserts a wrongful death claim.
The defendants denied all of the plaintiff's claims, relying on their traditional "blame-the-victim" defense. The defendants allege that Bonnie Apostolou "knew" the risks of smoking at the same time that the companies were publicly denying those risks and asserting that smoking had yet to be "proven" to cause disease in human beings.
In the opening phase of this case, a six-woman jury in Brooklyn decided on November 20, 2000 that smoking over a period of 32 years was a substantial cause of the lung cancer that killed Bonnie Apostolou in 1996. The jury rejected the tobacco companies' contention that no one can prove to a reasonable certainty that smoking caused her fatal cancer.
In Phase II of the case addressing the defendants' liability, the same jury ruled on January 16, 2001, that Philip Morris and the other tobacco industry defendants were not liable for Bonnie Apostolou's death from lung cancer, despite its previous finding that cigarette smoking caused the death. The jury ruled that Ms. Apostolou had expressly assumed the risk of smoking and

Exhibit 27, Page 157

therefore could not hold the manufacturers of the product liable for her injury and death.
The plaintiff's firm is Finz & Finz, which was today handed its second defeat in a tobacco trial in Brooklyn in the past year has vowed to appeal the verdict.

**Comment**:

Edward Sweda, Senior Staff Attorney for the Tobacco Products Liability Project at Northeastern University School of Law reacted to today's verdict: "The jury's verdict is not consistent with the decision it rendered in November during Phase I of this case. I will be interested in the results of any post-trial interviews to see if any jury members give us some indication as to how it could have returned the verdict it did."

Exhibit 27, Page 158