EXHIBIT 29

MAR 25 '98 09:11 FR BINGHAM SUMMERS          317 236 9907 TO 13176361507          P.02/02

                                                                                PAGE   2/2

                                                              CC: case management

STATE OF INDIANA    )          IN THE DELAWARE SUPERIOR COURT NO. 1
                    ) SS:                    1998 TERM
COUNTY OF DELAWARE  )


CRAIG DUNN and PHILIP WILEY,
Co-Administrators of
THE ESTATE OF MILDRED WILEY,
Deceased, and PHILIP WILEY,
Individually

VS.                            CAUSE NO.: 18D01-9305-CT-06

RJR NABISCO HOLDINGS CORP.,
R.J. REYNOLDS TOBACCO CO.,
B.A.T. INDUSTRIES PLC,
BROWN & WILLIAMSON TOBACCO CORP.,
PHILIP MORRIS COMPANIES, INC.,
PHILIP MORRIS, INC.,
LIGGETT GROUP, INC.,
LIGGETT & MYERS, INC.,
AMERICAN BRANDS, INC.,
LOEWS CORP.,
LORILLARD TOBACCO CO.,
THE TOBACCO INSTITUTE, INC.
THE COUNCIL FOR TOBACCO RESEARCH
and BROOKE GROUP, LTD.


                        **VERDICT**


     We, the Jury, find in favor of all of the Defendants and

against all of the Plaintiffs, on all claims.


DATED: March 19, 1998


                              Connie L. Humphrey
                              **FOREPERSON**


                                        Exhibit 29 , Page 161

MAR 24 '98 09:11                        7652887068      PAGE.02
                                               ** TOTAL PAGE.03 **

CRAIG DUNN AND PHILIP WILEY, CO-ADMINISTRATORS
OF THE ESTATE OF MILDRED WILEY, AND PHILIP WILEY, INDIVIDUALLY,

Plaintiffs,

vs.

RJR NABISCO HOLDINGS CORP., R.J. REYNOLDS TOBACCO COMPANY, BAT
INDUSTRIES PLC, BROWN & WILLIAMSON TOBACCO CORP.,
PHILIP MORRIS COMPANIES, INC., PHILIP MORRIS, INC.,
LIGGETT GROUP, INC., LIGGETT & MYERS, INC., BROOKE GROUP LTD.,
AMERICAN BRANDS, INC., AMERICAN TOBACCO CO.,
LOEWS CORP., LORILLARD TOBACCO COMPANY,
THE TOBACCO INSTITUTE, INC.,
AND THE COUNCIL FOR TOBACCO RESEARCH -- U.S.A., INC.,

Defendants.

SUPERIOR COURT
DELAWARE COUNTY, INDIANA

Cause No. 18D01-9305-CT-06

February 9, 1998

BACKGROUNDER FOR LITIGATION

52867 5954

RJR0000000003070607
70044 5414

Exhibit 29, Page 162

## PURPOSE

The purpose of this backgrounder is to provide a concise reference document on this litigation.

## THE PLAINTIFFS

Plaintiffs Craig Dunn and Philip Wiley, co-administrators of the Estate of Mildred Wiley, and Philip Wiley, individually, filed this lawsuit on May 28, 1993 in Superior Court No. 1 of Delaware County, Indiana. Plaintiffs claim that Mildred Wiley -- a lifetime nonsmoker -- contracted lung cancer as a result of her exposure to environmental tobacco smoke (ETS) while employed from 1973 to 1991 as a nurse at the Veterans Administration Hospital in Marion, Indiana.

Mildred Wiley was born in Hong Kong on Sept. 26, 1934. Her father was a minister in the Wesleyan Church who, at the time of Mildred Wiley's birth, was doing missionary work in Hong Kong. After her graduation from nursing school in 1955, she married Philip Wiley and worked over the years as a nurse at various hospitals and clinics throughout the United States. From 1963 to 1968, Mrs. Wiley served as a missionary with her husband in Suriname and Guyana, South America, working as a nurse at the mission's medical facility.

In 1973, Mildred Wiley began working as a nurse at the Veterans Administration Hospital in Marion, Ind. In 1986, Mrs. Wiley was promoted to head nurse. She continued working at the VA Hospital until shortly before her death in 1991. During her tenure at the V.A. Hospital, Mrs. Wiley worked in Building 16, where "total care" patients were treated. Mrs. Wiley was diagnosed with cancer in June 1991. She died on June 24, 1991.

Mildred Wiley was a lifetime nonsmoker who avoided exposure to cigarette smoke whenever possible. She grew up in a household of nonsmokers. Both of her brothers are nonsmoking Wesleyan ministers. She went to a Wesleyan high school which did not allow smoking. After she and Philip Wiley were married, they did not allow smoking in their home. According to Mr. Wiley, they would leave restaurants rather than sit in a smoking section. The Wileys avoided the cigarette smoke of others because they felt it was a risk to their health. Mrs. Wiley worked for 40 years in various medical facilities. The record indicates that in addition to her nursing degree, she actively pursued continuing education in her field and read scientific publications. She was said to be conscious of and knowledgeable about health risks.

Plaintiffs allege that most or all of Mildred Wiley's exposure to ETS occurred at the Marion V.A. Hospital. The Marion V.A. facility is a professionally-run medical treatment facility. As with most hospitals, the Marion facility is required to undergo periodic audits to retain its certification. These audits include reviews for cleanliness and air quality; the Marion facility never had any trouble satisfying such audits. When asked by one of her treating physicians about her exposure to ETS at the hospital, Mildred Wiley reported she had been exposed for a 12-year period, which ended no later than when she became a head nurse at the hospital.

52867 5955

RJR0000000003070607
70044 5415

Exhibit 29, Page 163

As a head nurse, Mrs. Wiley had her own private office at the hospital and was able to control or avoid ETS exposure. Even during her 12 years of potential exposure, Mildred Wiley spent a substantial amount of time away from patients and staff who smoked. In addition to vacations, holidays, and sick days, one quarter of Mrs. Wileys' work time was spent on the night shift, during which she would be the only nurse on duty and patients would be asleep. Moreover, the patients housed in Building 16 of the hospital, where Mildred Wiley worked, had physical and/or mental conditions that restricted their ability to smoke cigarettes.

The Marion V.A. facility had both formal and informal complaint policies through which hospital staff could, and did, register complaints or request transfers to other areas of the hospital. There is no evidence that Mildred Wiley ever complained about, or otherwise attempted to change the hospital's smoking policy in an effort to reduce the amount of cigarette smoke to which she or others were exposed. Thus, her own actions indicate the level of exposure to ETS at the hospital was not as frequent, nor as intense, as plaintiffs will argue.

Plaintiffs are represented by P. Gregory Cross of the Muncie firm of Cross, Marshall, Schuck, DeWeese, Cross & Feick; William N. Riley and Mark Dudley of the Indianapolis firm of Young, Riley & Dudley; Max Howard of the Anderson firm of Howard & Walker; James H. Young and John P. Young of the Indianapolis firm of Young & Young; and Ronald L. Motley and Charles W. Patrick of the Charleston, S.C., firm of Ness, Motley, Loadholt, Richardson & Poole.

## THE DEFENDANTS

### RJR Nabisco Holdings Corp.

RJR Nabisco Holdings Corp. is the parent company of R.J. Reynolds Tobacco Company and is headquartered in New York.

RJR Nabisco Holdings Corp. is represented by Daniel F. Kolb of the New York firm of Davis, Polk & Wardwell and Richard D. Wagner of the Indianapolis firm of Krieg, DeVault, Alexander & Capehart.

### R.J. Reynolds Tobacco Co.

R.J. Reynolds is the nation's second-largest manufacturer of cigarette products. Headquartered in Winston-Salem, N.C., it is a subsidiary of RJR Nabisco Holdings Corp., and its major brands include Winston, Salem, Camel and Doral.

R.J. Reynolds Tobacco is represented by Jeffrey L. Furr of the Winston-Salem, N.C., firm of Womble Carlyle Sandridge & Rice, PLLC; Richard D. Wagner of the Indianapolis firm of Krieg, DeVault, Alexander & Capehart; and Paul D. Koethe of the Cleveland office of the firm of Jones, Day, Reavis & Pogue.

52867 5956

## BAT Industries PLC

B.A.T Industries is the sole ultimate shareholder of Brown & Williamson and is headquartered in London, England.

B.A.T Industries is represented by the New York firm of Simpson, Thacher & Bartlett and Hugh E. Reynolds, Jr. of the Indianapolis firm of Locke, Reynolds, Boyd and Weisell.

## Brown & Williamson Tobacco Corp.

Brown & Williamson is the nation's third-largest manufacturer of cigarette products. Headquartered in Louisville, Ky., it is a subsidiary of BAT Industries, and its major brands include GPC, Kool, Viceroy, Raleigh Extra, Capri, Belair and Barclay.

Brown & Williamson is also successor by merger to American Tobacco Co., which was the nation's fifth-largest cigarette company until it was bought in 1994. Its brands included Pall Mall, Carlton, Tareyton, Lucky Strike, Montclair, Misty, Riviera, Bull Durham, American Lights and Malibu.

Brown & Williamson is represented by William S. Ohlemeyer of the Kansas City, Mo. office of the firm Shook, Hardy, & Bacon and Scott Shockley of the Munsey firm of Defur, Voran, Hanley, Radcliff & Reed.

## Philip Morris Companies, Inc.

Philip Morris Companies, Inc. is the sole ultimate shareholder of Philip Morris, Inc., and is headquartered in New York.

Philip Morris Companies, Inc. is represented by William S. Ohlemeyer of the Kansas City, Mo., office of the firm Shook Hardy & Bacon and David O. Tittle of the Indianapolis firm of Bingham Summers Welsh & Spilman.

## Philip Morris, Inc.

Philip Morris is the nation's largest manufacturer of cigarette products. Headquartered in New York, it is a subsidiary of Philip Morris Companies, Inc., and its major brands include Marlboro, Basic, Benson and Hedges, Virginia Slims and Merit.

Philip Morris is represented by William S. Ohlemeyer of the Kansas City, Mo., office of the firm Shook Hardy & Bacon and David O. Tittle of the Indianapolis firm of Bingham Summers Welsh & Spilman.

52867 5957

### Liggett Group, Inc.

Liggett, a wholly owned subsidiary of the Brooke Group, is the nation's fifth-largest manufacturer of cigarette products. Headquartered in Durham, N.C., its major brands include Eve, Pyramid, L&M, Chesterfield and Lark.

Liggett is represented by Aaron Marks of the New York firm of Kasowitz, Benson, Torres & Friedman and James W. Riley, Jr. of the Indianapolis firm of Riley, Bennett & Egloff.

### Liggett & Myers, Inc.

Liggett & Myers, Inc. is a wholly-owned subsidiary of Liggett Group, Inc.

Liggett & Myers is represented by Aaron Marks of the New York firm of Kasowitz, Benson, Torres & Friedman and James W. Riley, Jr. of the Indianapolis firm of Riley, Bennett & Egloff.

### Brooke Group LTD.

Brooke Group is a Delaware corporation and the sole ultimate shareholder of Liggett Group, Inc.

Brooke Group is represented by Aaron Marks of the New York firm of Kasowitz, Benson, Torres & Friedman and James W. Riley, Jr. of the Indianapolis firm of Riley, Bennett & Egloff.

### American Brands, Inc.

American Brands is the former sole ultimate shareholder of American Tobacco Co. and is headquartered in Old Greenwich, Conn.

American Brands is represented by Dean L. Jarmel of the New York firm of Chadbourne & Parke and Scott E. Shockley of the Muncie firm of DeFur, Voran, Hanley, Radcliff & Reed.

On May 30, 1997, American Brands, Inc. changed its name to Fortune Brands, Inc.

### American Tobacco Co.

See Brown & Williamson Tobacco Corp.

52867 5958

RJR0000000003070607
70044 5418

Exhibit 29 , Page 166

**Loews Corp.**

Loews Corp. is the indirect sole shareholder of Lorillard Tobacco Company and is headquartered in New York.

Loews Corp. also is represented by William S. Ohlemeyer of the Kansas City, Mo., office of the firm Shook, Hardy & Bacon and Douglas J. Hill of the Indianapolis firm of Hill, Fulwider, McDowell, Fund & Matthews.

**Lorillard Tobacco Company**

Lorillard Tobacco Co. is the fourth-largest manufacturer of cigarette products in the United Sates. Headquartered in Greensboro, N.C., it is a subsidiary of the Loews Corp., and its major brands include Newport, Kent, True, Old Gold and Maverick.

Lorillard Tobacco Co. is represented by William S. Ohlemeyer of the Kansas City, Mo. office of the firm Shook, Hardy & Bacon and Douglas J. Hill of the Indianapolis firm of Hill, Fulwider, McDowell, Fund & Matthews.

**The Tobacco Institute, Inc.**

Founded in 1958, the Tobacco Institute is a nonprofit, noncommercial trade organization located in Washington, D.C. Its membership consists of 11 companies that manufacture cigarettes or other tobacco products in the United States.

The Tobacco Institute is represented by James Goold of the Washington, D.C., firm of Covington & Burling and Charles W. McNagy of the Ft. Wayne, Ind., firm of Hoffman, Thompson, Skekloff, Rogers & McNagny.

**The Council for Tobacco Research -- U.S.A., Inc.**

The Council for Tobacco Research (CTR) funds basic, biomedical research concentrated in the fields of molecular and cellular biology; carcinogenesis, genetics, immunology and cardiovascular disease. Located in New York, CTR has no research facilities of its own. More than 90 percent of the research it funds is cofunded by other organizations, which include: National Institute of Health, National Cancer Institute, American Health Association, American Lung Association, and the Veterans Administration.

The Council for Tobacco Research is represented by Alan Scheinger of the New York firm of Debevoise & Plimpton and Daniel P. Byron of the Indianapolis firm of McHale, Cook & Welch.

52867 5959

## TRIAL SITE

Horizon Convention Center, Muncie, Indiana

## JUDGE
This case is assigned to Delaware Superior Court No. 1 Judge Robert L. Barnet

## EXPECTED DURATION

The trial will begin on Feb. 9, 1998. The parties have estimated four weeks for this trial.

## JURY AND VERDICT

Six jurors must decide this case. Additionally, three alternate jurors will be chosen. The verdict must be unanimous.

## PLAINTIFFS' CASE

The Court has determined that plaintiffs' case can proceed under the following legal theories: negligence, strict liability, and conspiracy. The Second Amended Complaint also sets forth damage claims for loss of consortium and punitive damages.

Plaintiffs claim that the defendants negligently manufactured the cigarettes that caused Mrs. Wiley's injuries. Plaintiffs also claim that the cigarettes manufactured by the defendants were defective and unreasonably dangerous under Indiana law because they produced ETS. Plaintiffs further claim that defendants formed a conspiracy to sell a defective and unreasonably dangerous product.

## DEFENDANTS' CASE

Defendants deny that they acted negligently in manufacturing their products and deny that their products are defective or unreasonably dangerous. Defendants further deny that they formed a conspiracy to sell a defective and unreasonably dangerous product. Defendants deny that Mrs. Wiley was exposed to the levels of environmental tobacco smoke alleged by the plaintiffs and deny that Mrs. Wiley's cancer was caused by her exposure to ETS.

Defendants contend, and will present evidence, that Mrs. Wiley's cancer did not originate in her lung, but rather began somewhere else in her body as a result of factors unrelated to ETS and spread to the lung from other organs. Defendants also contend that credible evidence does not exist to show that ETS causes lung cancer in non-smokers. Defendants contend that most of the evidence on which plaintiffs will rely consists of population studies evaluating ETS in the home

52867 5960

RJR0000000003070607
70044 5420

Exhibit 29, Page 168

environment. Defendants contend that the extraordinarily weak statistical associations found in these studies cannot show that ETS causes lung cancer and that this evidence does not apply to the facts of this case. Defendants further contend that the population studies conducted in homes are inconsistent and usually not statistically significant, and are flawed by statistical biases and lifestyle differences. Defendants also contend that, even if Mrs. Wiley's cancer originated in the lung, it was not related to ETS exposure, but was possibly related to a number of other risk factors that Mrs. Wiley had, including radon exposure.

Defendants further contend that their products conformed with the generally recognized state of the art. Defendants contend that the evidence will show that the tobacco industry has conducted scientific research on ETS for years and that much of the science known about ETS has been conducted or supported by the industry. Furthermore, defendants will show that much of what the industry has found regarding ETS has been endorsed and published within the scientific community.

## PROCEDURAL HISTORY

Plaintiffs filed this lawsuit on May 28, 1993. On Feb. 2, 1994, plaintiffs were granted leave to file a First Amended Complaint that added Brooke Group Ltd. as a defendant. Several months later, on Aug. 31, 1994, plaintiffs were granted leave to file a Second Amended Complaint adding Philip Morris Companies, Inc. and B.A.T. Industries as defendants.

In 1996, defendants TI and CTR filed separate motions for summary judgment as to all of plaintiffs' claims. These defendants argued that plaintiffs could not state a strict liability or negligence claim against them because they are not in the business of manufacturing or selling cigarettes. They further argued that plaintiffs' fraud claims were barred because the record established that Mildred Wiley could not have relied upon anything these defendants did or did not say concerning the health risks of ETS exposure. It was in response to these motions that plaintiffs for the first time contended they were pursuing a claim for conspiracy. The Court denied the summary judgment motions of TI and CTR on July 31, 1997.

Philip Morris Companies, Inc. and B.A.T. Industries filed dispositive motions for lack of personal jurisdiction after being added as defendants to this case. The Court denied those motions on Oct. 10, 1997. Loews Corporation, American Brands, Inc., and RJR Nabisco Holdings Corporation later filed motions for summary judgment based on a number of grounds, including that the Court lacks personal jurisdiction over these defendants. The Court denied those motions on Dec. 30, 1997.

On Sept. 2, 1997, certain defendants filed a motion for summary judgment on all claims. That motion was argued to the Court on Nov. 20. On Dec. 30, 1997, the Court granted defendants' motion in part and denied it in part. In its order, the Court ruled that plaintiffs had not produced evidence to support their fraud theories and would not be permitted to proceed to trial on those theories.

<div align="center">###</div>

52867 5961

RJR0000000003070607
70044 5421

Exhibit 21, Page 169