# EXHIBIT 31

☑003/008

06/12/01   16:11 FAX
06/08/2001 12:47 FAX 7162226401

A & P FAX CTR DC #6

KIRKLAND ELLIS

☑002

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

BLUE CROSS AND BLUE SHIELD OF NEW     :
JERSEY, INC., *et al.*,
                                      :
                        Plaintiffs,   :          **Jury Instructions**

        – *against* –                 :

PHILIP MORRIS, INCORPORATED, *et al.*,  :        98 CV 3287 (JBW)

                        Defendants.    :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

JACK B. WEINSTEIN,
Senior District Court Judge:

1

☒004/008

08/12/01  16:11 FAX          A & P FAX CTR DC #8              ☒003
   06/05/2001  12:48 FAX 7182228401     KIRKLAND ELLIS

XIIL Verdict Form

1.  Claim One:  Common Law Fraud—Subrogation

A.  For each defendant, has Empire proven its claim for common law fraud in subrogation, subject to a proven affirmative defense? *[If your answer below is "yes" as to any defendant, go to Question B.  If your answer is "no" as to all defendants, skip to Claim Two.]*

| | Yes | No |
|---|---|---|
| Philip Morris Incorporated | Yes ___ | No ✓ |
| R.J. Reynolds Tobacco Company | Yes ___ | No ✓ |
| Brown & Williamson Tobacco Corporation | Yes ___ | No ✓ |
| British American Tobacco Co., Ltd. | Yes ___ | No ✓ |
| Lorillard Tobacco Company | Yes ___ | No ✓ |
| Liggett Group, Inc. and Liggett and Myers, Inc. | Yes ___ | No ✓ |

B.  If yes as to any defendant, what damages if any has Empire proven (subject to any affirmative defense proven by defendants) from April 29, 1992 to May 1, 2001?          $ _____

*If your answer is that Empire has proved damage proceed to question C. If you answer that Empire has not proved damages skip to claim Two.*

C.  Indicate only one answer for each defendant as to which you answered "Yes":

| | Jointly liable (check) | Individually liable for the following share of damages from B, above |
|---|---|---|
| Philip Morris, Incorporated | | $ |
| R.J. Reynolds Tobacco Company | | $ |
| Brown & Williamson Tobacco Corp. | | $ |
| British American Tobacco Company, Ltd. | | $ |
| Lorillard Tobacco Company | | $ |
| Liggett Group, Inc. and Liggett & Myers, Inc. | | $ |

## Claim Two:  Deceptive Business Practices—Direct

For each defendant, has Empire proven its direct claim for deceptive practices under New York General Business Law Section 349 subject to a proven affirmative defense? [If your answer below is "yes" as to any defendant, go to Question B. If your answer is "no" as to all defendants, skip to Claim Three.]

|  | | |
|---|---|---|
| Philip Morris Incorporated | Yes ✓ | No |
| R.J. Reynolds Tobacco Company | Yes ✓ | No |
| Brown & Williamson Tobacco Corporation | Yes ✓ | No |
| British American Tobacco Co., Ltd. | Yes | No ✓ |
| Lorillard Tobacco Company | Yes ✓ | No |
| Liggett Group, Inn. and Liggett and Myers, Inc. | Yes ✓ | No |

B.   If yes as to any defendant, what damages if any has Empire proven (subject to any affirmative defense proven by defendants) from April 29, 1995 to May 1, 2001?          $ 17,782,702.

If your answer is that Empire has proved damages proceed to question C. If you answer that Empire has not proved damages stop to claim Three.

C.   Indicate only one answer for each defendant as to which you answered "Yes":

| | Jointly liable (check) | Individually liable for the following share of damages from B, above |
|---|---|---|
| Philip Morris, Incorporated | | $ 6,757,426 |
| R.J. Reynolds Tobacco Company | | $ 6,579,599 |
| Brown & Williamson Tobacco Corp. | | $ 2,845,232 |
| British American Tobacco Company, Ltd. | | $ 0 |
| Lorillard Tobacco Company | | $ 1,511,529 |
| Liggett Group, Inc. and Liggett & Myers, Inc. | | $ 88,916 |

Exhibit 31, Page 176

**Claim Three:  Deceptive Business Practices--Subrogation**

For each defendant, has Empire proven its subrogated claim for deceptive practices under New York General Business Law Section 349 subject to a proven affirmative defense?  *If your answer below is "yes" as to any defendant, go to Question B.  If your answer is "no" as to all defendants, skip to Claim Four.*

| | | |
|---|---|---|
| Philip Morris Incorporated | Yes ✓ | No ____ |
| R.J. Reynolds Tobacco Company | Yes ✓ | No ____ |
| Brown & Williamson Tobacco Corporation | Yes ✓ | No ____ |
| British American Tobacco Co., Ltd. | Yes ____ | No ✓ |
| Lorillard Tobacco Company | Yes ✓ | No ____ |
| Liggett Group, Inc. and Liggett and Myers, Inc. | Yes ✓ | No ____ |

B.   If yes as to any defendant what damages if any has Empire proven (subject to any affirmative defense proven by defendants) from April 29, 1995 to May 1, 2001?

$ 11,829,784

*If your answer is that Empire has proved damage proceed to question C. If you answer that Empire has not proved damages skip to claim Four.*

C.   Indicate only one answer for each defendant as to which you answered "Yes":

| | Jointly liable (check) | Individually liable for the following share of damages from B, above |
|---|---|---|
| Philip Morris, Incorporated | | $ 4,495,317 |
| R.J. Reynolds Tobacco Company | | $ 4,377,020 |
| Brown & Williamson Tobacco Corp. | | $ 1,892,765 |
| British American Tobacco Company, Ltd. | | $ 0 |
| Lorillard Tobacco Company | | $ 1,005,531 |
| Liggett Group, Inc. and Liggett & Myers, Inc. | | $ 59,151 |

## Claim Four:    RICO Section 1962(c)—Direct

For each defendant, has Empire proven its direct claim under RICO, subject to a proven affirmative defense? *[If your answer below is "yes" as to any defendant, go to Question B. If your answer is "no" as to all defendants, skip to Claim Five.]*

| | Yes | No |
|---|---|---|
| Philip Morris Incorporated | Yes _____ | No ✓ |
| R.J. Reynolds Tobacco Company | Yes _____ | No ✓ |
| Brown & Williamson Tobacco Corporation | Yes _____ | No ✓ |
| British American Tobacco Co., Ltd. | Yes _____ | No ✓ |
| Lorillard Tobacco Company | Yes _____ | No ✓ |
| Liggett Group, Inc. and Liggett and Myers, Inc. | Yes _____ | No ✓ |

**B.**    If yes as to any defendant, what damages if any has Empire proven (subject to any affirmative defense proven by defendants) from April 29, 1994 to May 1, 2001?    $_____

*If your answer is that Empire has proved damage proceed to question C. If you answer that Empire has not proved damage skip to claim Five.*

**C.**    Indicate only one answer for each defendant as to which you answered "Yes":

| | Jointly liable (check) | Individually liable for the following share of damages from B, above |
|---|---|---|
| Philip Morris, Incorporated | | $ |
| R.J. Reynolds Tobacco Company | | $ |
| Brown & Williamson Tobacco Corp. | | $ |
| British American Tobacco Company, Ltd. | | $ |
| Lorillard Tobacco Company | | $ |
| Liggett Group, Inc. and Liggett & Myers, Inc. | | $ |

Exhibit *31*, Page*178*

08/12/01  16:12 FAX                    A & P FAX CTR DC #8                    ⌷008/008
           06/06/2001 12:49 FAX 7AA7228401      KIRKLAND ELLIS                    ⌷007

Claim Five:  RICO Section 1962(e)—Subrogation

For each defendant, has Empire proven its subrogated claim under RICO, subject to a proven affirmative defense? [If your answer below is "yes" as to any defendant, go to Question B. If your answer is "no" as to all defendants, skip to the end of the form.]

| | | |
|---|---|---|
| Philip Morris Incorporated | Yes ___ | No ✓ |
| R.J. Reynolds Tobacco Company | Yes ___ | No ✓ |
| Brown & Williamson Tobacco Corporation | Yes ___ | No ✓ |
| British American Tobacco Co., Ltd. | Yes ___ | No ✓ |
| Lorillard Tobacco Company | Yes ___ | No ✓ |
| Liggett Group, Inc. and Liggett and Myers, Inc. | Yes ___ | No ✓ |

B.    If yes as to any defendant, what damages if any has Empire proven (subject to any affirmative defense proven by defendants) from April 29, 1994 to May 1, 2001?

$ _____

*If your answer is that Empire has proved damage proceed to question C. If you answer that Empire has not proved damages stop here.*

C.    Indicate only one answer for each defendant as to which you answered "Yes":

| | Jointly liable (check) | Individually liable for the following share of damages from B, above |
|---|---|---|
| Philip Morris, Incorporated | | $ |
| R.J. Reynolds Tobacco Company | | $ |
| Brown & Williamson Tobacco Corp. | | $ |
| British American Tobacco Company, Ltd. | | $ |
| Lorillard Tobacco Company | | $ |
| Liggett Group, Inc. and Liggett & Myers, Inc. | | $ |

_Foreman_                          6/4/01
Signature of Foreperson               Date

68

Exhibit 31, Page 179

# MULTI-ADDRESS FACSIMILE TRANSMISSION SHEET

### ARNOLD & PORTER

Thurman Arnold Building
555 Twelfth Street, N.W.
Washington, D.C. 20004-1206

Telephone Number.......................(202) 942-5000
Telex Number.....................,,,.89273 ARFOPO WSH
Facsimile Number .........................(202) 942-5999

If you experience difficulty receiving this fax transmission
please contact the operator at (202) 942-5837

Date:  June 12, 2001

| RECIPIENTS | RECIPIENTS TEL PHONE | RECIPIENTS FAX PHONE | RECIPIENTS FAX PHONE |
|---|---|---|---|
| Thomas Frederick/Jeffrey M. Wagner/Stuart Altschuler/Winston & Strawn | 312-558-5700 | 312-558-5600 | |
| William Allinder/Lori McGroder/Susan D. Wolf s/Trevor Bridges/Suzanne Teevco/Shook, Hardy & Bacon | 816-421-2708 | 816-474-6550 | |
| Gary R. Long/Shook, Hardy & Bacon | 816-391-5598 | 816-474-6550 | |
| Alan E. Mansfield/Stephen L. Saxl Greenberg Traurig | 312-688-2449 | 212-801-9200 | |
| Tom Schroeder/Womble Carlyle | 336-733-8354 | 336-721-3691 | |
| Dal Burton/Womble Carlyle | 404-870-2403 | 404-888-7372 | |
| Kelly Amanda Lea/Womble Carlyle | 404-870-8185 | 404-872-7000 | |
| Ursula Henninger/Womble Carlyle | 336-733-8362 | 336-721-3699 | |
| John B. Williams/Tom Mitchell/Bill Bailey/John Villafranco/Collier, Shannon, Rill & Scott | 202-342-8451 | 202-342-8435 | |
| Peter J. McKenna/Eric S. Sarner/Arthur H. Airley/Douglas Flemming/Skadden Arps | 212-735-3525 | 212-735-3000 | |
| Paul F. Jones/Paul Stecker/Bill Brennan/Phillips, Lytle | 716-852-6100 | 716-847-8400 | |
| Eric Kraus/David M. Covey/James Conlon/Kimberly Penner/Sedgwick Detert | 212-422-0925 | 212-422-0202 | |
| Kevin J. Dunne/Shelley Brittman/Gregory C. Read/Sedgwick Detert | 415-781-2635 | 415-781-7900 | |
| Anthony Anscombe/Sedgwick Detert | 312-641-9530 | 877-826-3263, x 1955 | |

TU
IrJ
83

Exhibit 31 , Page 180

| David L. Wallace/Daniel Endich/Chadborne & Parke | 212-541-5369 | 212-408-5100 | |
| Joseph McLaughlin/Patrick Bonne/Michael Panagrossi/Peter Shapiro/Marci Etter/Simpson Thacher | 212-455-2502 | 212-455-2000 | |
| Bruce M. Ginsberg/Andrew E. Herz/ Davis & Gilbert | 212-468-4888 | 212-468-4800 | |
| Chesir Wroblski/Barry S. Schaevitz/ Jacob, Medinger | 212-332-7777 | 212-332-7700 | |
| Patrick S. Davies/ Covington & Burling | 202-662-6291 | 202-662-6000 | |
| Charles Miller Seward & Kissel | 212-480 8421 | 212-574-1240 | |
| Anna I. Cohen/Harry Zirlin Dehevulse & Plimpton | 212-909-6836 | 212-909-6575 | |
| Barbara Robbins/Wachtell, Lipton | 212-403-2000 | 212-403-1258 | |

| SENDER | SENDER'S TELEPHONE | SENDER |
|---|---|---|
| Judy Bernstein-Gaeta | 202-942-5497 | 1156 |

| TIME FRAME | CLIENT MATTER | NUMBER OF PAGES |
|---|---|---|
| 4467 | 05633-444 | We are transmitting ___ page(s) (including this cover sheet) |

| TRANSMISSION DEADLINE DATE & TIME | ALTERNATE TELEPHONE NUMBER (OPTIONAL) |
|---|---|
| | Alternate telephone number at which the sender can be reached if there are difficulties with this fax: |

*PRIVILEGED AND CONFIDENTIAL*

*Information intended only for the use of the addressee named above. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, please note that any dissemination, distribution or copying of this communication is strictly prohibited. Anyone who receives this communication in error should notify us immediately by telephone and return the original message to us at the above address via the U.S. Mail.*

**MESSAGE**

**PLEASE SEE THE ATTACHED MAIL.**

- 2 -

253317

Exhibit 31, Page 181