# EXHIBIT 33

JL. 15 88   9:32   SHOOK, HARDY & BACON  N. V.

) 450 (Rev. 9/88)   Judgment in a Civil Case

**FILED**

# United States District Court

DISTRICT OF ___NEW JERSEY___

JUN 15 1988
At 2:40 P.M.
WILLIAM T. WALSH
CLERK

CIPOLLONE, ETC.

v.

LIGGETT, INC., ET AL

## JUDGMENT IN A CIVIL CASE

CASE NUMBER:   83-2864

☒ Jury Verdict. This action came before the Court for a trial by jury.  The issues have been tried and the jury has rendered its verdict.

☐ Decision by Court. This action came to trial or hearing before the Court.   The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED that judgment be entered in favor of plaintiff Antonio Cipollone and against defendant Liggett, Inc. in the amount of $400,000.00

IT IS FURTHER ORDERED that a judgment of no cause of action be entered in favor of Phillip Morris and against plaintiff Antonio Cipollone,

IT IS FURTHER ORDERED that a judgment of no cause for action be entered in favor of Lorillard Inc., and against plaintiff Antonio Cipollone.

**ENTERED**
IN THE DOCKET
on 06-17- 19.88
WILLIAM T. WALSH, CLERK
By _____ (Deputy Clerk)

June 15, 1988

Clerk   Hon. H. Lee Sarokin

(By) Deputy Clerk

Exhibit 33, Page 184

CIPOLLONE v. LIGGETT GROUP, INC., 83-2864
JURY INTERROGATORIES

1. Has plaintiff proven all of the elements necessary to
establish fraudulent misrepresentation or concealment by
defendant Liggett, prior to 1966, of material facts
concerning significant health risks associated with
cigarette smoking?

                                        Yes _____ No ✓_____

2. Has plaintiff proven all of the elements necessary to
establish fraudulent misrepresentation by defendant Philip
Morris, prior to 1966, of material facts concerning
significant health risks associated with cigarette smoking?

                                        Yes_____ No _✓____

3. Has plaintiff proven all of the elements necessary to
establish fraudulent misrepresentation by defendant
Lorillard, prior to 1966, of material facts concerning
significant health risks associated with cigarette smoking?

                                        Yes_____ No _✓____

4. Was there a conspiracy prior to 1966 to fraudulently
misrepresent and/or conceal material facts concerning
significant health risks associated with cigarette smoking?

                                        Yes_____ No _✓____

5. If you answered "yes" to question #4, were any of the
defendants members of that conspiracy?

     Liggett Group, Inc.              Yes_____ No _____

     Philip Morris Incorporated       Yes_____ No _____

     Lorillard, Inc.                  Yes_____ No _____

6. If you answered "yes" to question number 5, has
plaintiff proven all of the elements necessary to establish
fraudulent misrepresentation or concealment, prior to 1966,
by any member of the conspiracy?

                                        Yes_____ No_____

Exhibit 33 , Page 185

7.  Should Liggett, prior to 1966, have warned consumers
regarding health risks of smoking?

                                    Yes __✓__  No _____

8.  If you answered "yes" to question 7, was that failure
to warn prior to 1966 a proximate cause of all or some of
Mrs. Cipollone's smoking?

                                    Yes __✓__  No _____

9.  If you answered "yes" to question 8, was such smoking a
proximate cause of Mrs. Cipollone's lung cancer and death?

                                    Yes __✓__  No _____

10. If you answered "yes" to question 9, did Mrs. Cipollone
voluntarily and unreasonably encounter a known danger by
smoking cigarettes?

                                    Yes __✓__  No _____

11. If you answered "yes" to question 10, was this conduct
by Mrs. Cipollone a proximate cause of her lung cancer and
death?

                                    Yes __✓__  No _____

12. If you answered "yes" to question 11, what is the
percentage of responsibility for Mrs. Cipollone's injuries
attributable to each of the following parties:

     Mrs. Cipollone                    _80_ %

     Liggett Group, Inc.               _20_ %

[NOTE:  The sum of these percentages must equal 100%].

13. Did Liggett make express warranties to consumers
regarding the health aspects of its cigarettes?

                                    Yes __✓__  No _____

14. If you answered "yes" to question 13, did any Liggett
products used by Mrs. Cipollone breach that warranty?

                                    Yes __✓__  No _____

Exhibit _33_, Page _186_

15. If you answered "yes" to question 14, was Mrs. Cipollone's use of these products a proximate cause of her lung cancer and death?

Yes ✓   No_____

16. If you answered "yes" to any of the following questions: 1, 2, 3, 6, 9 or 15, what damages did Mrs. Cipollone sustain?

$ None

17. If you answered "yes" to any of the following questions 1, 2, 3, 6, 9, or 15, what damages did Mr. Cipollone sustain?

$ 400 K

18. If you answered "yes" to any of the following questions: 1, 2, 3, 6 or 9, is plaintiff entitled to punitive damages against one or more of the defendants?

Yes_____   No ✓

19. If you answered, "yes" to question 18, to what amount is plaintiff entitled?

$_____

20. If you awarded a sum under question 19, what amount of this total is attributable to each of the following parties?

Liggett Group, Inc.                    $_____

Philip Morris Incorporated             $_____

Lorillard, Inc.                        $_____

[NOTE: these amounts should add up to the total awarded under question 19.]

_____
FOREPERSON